**PAUDLER v. PAUDLER et al.**

No. 13293.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1950.

Rehearing Denied Jan. 23, 1951.

Chas. C. Crenshaw, Marion T. Key, Lubbock, Tex., for appellant.

W. P. Walker, Crosbyton, Tex., Robt. H. Bean, Lubbock, Tex., Lloyd A. Wicks, Sr., Ralls, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

BORAH, Circuit Judge.

Plaintiff, the former wife of G. O. Paudler, from whom she was divorced by an Arkansas decree, brought this action in the United States District Court for the Northern District of Texas against her erstwhile spouse and other citizens of the State of Texas to cancel certain conveyances of real and personal property, recover her separate

estate, partition the community property, and secure an accounting from defendant Paudler. Federal court jurisdiction was based upon diversity of citizenship and requisite amount in controversy, it being specifically alleged that plaintiff was a citizen of the State of Arkansas and that defendants were citizens of the State of Texas. Defendants' motion to dismiss the complaint for want of diversity was sustained and the action dismissed.

The sole question presented by this appeal is whether the plaintiff, Lyda M. Paudler, was a citizen of the State of Arkansas on July 28, 1949, when this suit was commenced.

The evidence, so far as it need be stated, shows that plaintiff was married in Crosby County, Texas, on February 9, 1921, and there she and defendant Paudler lived until about September 14, 1948, at which time plaintiff left her home in Crosbyton, with the intention of becoming a resident and citizen of the State of Arkansas. Prior to leaving, plaintiff had informed her former husband of her intentions but she did not tell him when or where she was going because he was very abusive and had threatened her with acts of reprisal and she was afraid of him. From Crosbyton plaintiff travelled by automobile in Company with a Mr. Brixey, who drove her to Dickens, Texas. From Dickens plaintiff travelled by bus to Harrison, Arkansas. She remained in Harrison from the latter part of September 1948 until the middle of April 1949 and during this period she lived in an apartment, working for Brixey as a housekeeper. In April she moved to Little Rock, Pulaski County, Arkansas and accepted employment as a practical nurse for an elderly lady. In the same month she filed a suit for divorce in the Pulaski Chancery Court, alleging that she was a resident of and domiciled in the State of Arkansas. This suit came on for hearing and the court found that it was well and sufficiently advised as to all matters of fact and law

arising therein, and on June 1, 1949 entered a decree of divorce. Up until the time when plaintiff testified in this cause, it affirmatively appears that she has continuously resided in the State of Arkansas, save for two short visits to Texas, where she was summoned to attend her sick father. Plaintiff testified that she selected her new domicile in the State of Arkansas not only because she wanted to live there but because she was afraid of her husband as long as she remained in the State of Texas; that there she lived and there she intends to reside. It is true that this record reveals that plaintiff owns no property in Arkansas and has paid no taxes but this testimony must be accepted in the light of the plausible explanation that her husband was in charge of the community property and having no funds with which to purchase property, plaintiff consequently had no property on which to pay taxes. It further appears that she paid no poll tax and did not vote in Arkansas for the good and sufficient reason that she arrived there too late to vote in the year 1948.

The Fourteenth Amendment of the Federal Constitution provides that, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." We take it to be well established[1] that plaintiff was at liberty to instantly transfer her citizenship from Texas to Arkansas and this she might do without necessity and simply from choice. She had a right to select her domicile for any reason that seemed sufficient to her. To bring about a change of citizenship two things are indispensable: First, there must be residence in the new domicile; and, second, the intention to remain there permanently or indefinitely, and both physical presence and *animus manendi* in the new location must concur. If plaintiff's new citizenship was really acquired, her right to sue in the Federal courts was a legitimate and legal

1. Morris v. Gilmer, 129 U.S. 315, 9 S.Ct. 289, 32 L.Ed. 690; Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027; Williamson v. Osenton, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758.

consequence, not to be impeached by her motive for removal.

In the instant case, it seems to us that although there is some evidence from which an inference may be drawn to support the finding of the trial court that Lyda M. Paudler was not a citizen of the State of Arkansas at the time this suit was filed, our review of the entire evidence leaves us with the "definite and firm conviction" that a mistake has been made. Plaintiff testified positively and without contradiction that she left her former husband because he had threatened her and she was afraid of him as long as she remained in the State of Texas. And though it was within their power and to their interests to do so, defendants offered no testimony to refute this evidence. Under the circumstances their silence "not only strengthens the probative force of the affirmative proof but of itself is clothed with a certain probative force." Sullivan v. Fant, Tex.Civ.App., 160 S.W. 612, 616; Pullman Palace Car Co. v. Nelson, 22 Tex.Civ.App. 223, 225, 54 S. W. 624. Unimpeached is the testimony of plaintiff that she removed to the State of Arkansas in September 1948 with the intention of becoming a citizen of that State and her pattern of conduct has been entirely consistent with that intent. She remained in her new abode until September 1949, except for two short visits to Texas to see her sick father. And appellant's brief informs us, and it is not denied, that plaintiff has consistent with her avowed intention continued to make her home in Arkansas. In taking jurisdiction of this cause and rendering a decree for plaintiff, the Pulaski Chancery Court necessarily found that the plaintiff was a *bona fide* resident of Arkansas [2] and this finding should be accorded full respect, giving due regard for the fact that under our Federalism the domestic relations of husband and wife were reserved to the States. Whether or not plaintiff went to the State of Arkansas for the purpose of bringing this action in the court below, as contended by defendants in their motion to dismiss, is immate-rial because in our opinion the new citizenship was truly and actually acquired.

For the reasons stated, the judgment is reversed and cause remanded for further proceedings not inconsistent with this opinion.

2. Cassen v. Cassen, 211 Ark. 582, 201 S.W.2d 585.