**ZELLEM v. HERRING.**

**ZELLEM v. SNIDER.**

Civ. A. Nos. 7971, 8013.

United States District Court
W. D. Pennsylvania.

April 18, 1951.

·Robert B. Ivory, of Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

George Y. Meyer., Pittsburgh, Pa., Leland W. Walker, Somerset, Pa., for defendants.

GOURLEY, Chief Judge.

This is an action based on negligence for money damages. Plaintiff invokes the jurisdiction of the court on the ground of diversity of citizenship and jurisdictional amount.

The immediate matter relates to a motion to dismiss for failure of plaintiff to establish federal jurisdiction.

The defendant contends:

1. That plaintiff's proferred amended complaint averring that plaintiff and defendant were citizens of New York and Pennsylvania respectively should be refused, in that a new cause of action is thereby raised after termination of the statutory period.

·2. That the plaintiff, John Zellem, and defendant were citizens of the same state, Pennsylvania, at the time the suit was commenced.

The cause of action in each proceeding arose on August 9, 1947, which was the date of the accident. Civil Action No. 7971 was filed July 12, 1949, and Civil Action No. 8013 was filed July 29, 1949.

Should leave be granted to amend each complaint wherein it is alleged that the plaintiff was a citizen of the State of New York, rather than a resident of the State of New York, after the statute of limitations has elapsed?

The petition for leave to amend each complaint was presented on February 28, 1951, which was subsequent to the running of the statute of limitations.

Each complaint contained averments that plaintiff and defendant were "residents" rather than "citizens" of New York and Pennsylvania. Plaintiff asks leave to amend and substitute the following:

"1. Plaintiff is and was at the time this action was filed a citizen of the State of New York.

"2. Defendant is and was at the time this action was filed a citizen of the Commonwealth of Pennsylvania. At the time of the happening of the events hereinafter complained of, defendant conducted a general automobile garage business at 1101–1109 North Center Avenue, Somerset, Pennsylvania."

The right to cure the jurisdictional allegations of a complaint filed in a federal district court seems to be clearly within the permissive language of 28 U.S.C.A. § 1653, which reads as follows: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

The right to amend the complaints is proper, to show diversity of citizenship, even after the statute of limitations has expired. Van Sant v. American Express Co., 3 Cir., 169 F.2d 355; Keene Lumber Co. v. Leventhal, 1 Cir., 165 F.2d 815.

Has the plaintiff established citizenship in the State of New York so as to give the Court jurisdiction?

The Court conducted an extensive hearing relative to the citizenship of the plaintiff, and in addition thereto has taken judicial knowledge of the records of the Veterans' Administration of the United States government as they relate to the plaintiff.

The citizenship of a party litigant is a matter solely for the determination of the Court and no question exists which requires a reference to the jury. Guarantee Trust Co. v. Collings et al., 3 Cir., 76 F.2d 870.

To bring about change of citizenship from one state to another, there must be residence in the new domicile and intention to remain there permanently or indefinitely, and both physical presence and animus manendi in new location must concur. Paudler v. Paudler et al., 5 Cir., 185 F.2d 901.

■■ Although there is some evidence from which an inference may be drawn to support the defendant's contention that the plaintiff was not a citizen of New York, I am of the definite and firm conviction that the plaintiff was physically in New York and that he intended to remain there permanently when the complaints were filed in this Court.

Since the plaintiff was a citizen of the State of New York and domiciled in the City of New York, the motion to dismiss the complaints for lack of jurisdiction of the Court is refused.

An appropriate order is entered.