Morris ROSENTHAL and Rose Rosenthal, Plaintiffs-Appellants,

v.

Gordon M. HILDEBRAND, Louis Rosenthal, K. Lewis Gilbert, Nannie H. Hildebrand and Alton Parker Hildebrand, Defendants-Appellees.

No. 11870.

United States Court of Appeals
Seventh Circuit.
March 25, 1957.

G. William Horsley, Springfield, Ill., Philip G. Listeman, James H. Bandy, East St. Louis, Ill., for appellants.

Harold G. Talley, Alton, Ill., Schaefer O'Neill, Alton, Ill., for appellees.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

Plaintiffs brought this action in the United States District Court for the Southern District of Illinois, Southern Division, seeking to enjoin defendants from taking any action to evict them from premises leased from certain of the defendants. Federal jurisdiction was based upon diversity of citizenship and the requisite amount in controversy. It was alleged in the complaint that plaintiffs were citizens of the State of Missouri and that defendants were citizens of the State of Illinois. The District Court on its own motion inquired into the allegation of diversity of citizenship and after a hearing on this preliminary question dismissed the amended complaint for lack of jurisdiction. The District Court made the following findings of fact in regard to the citizenship of plaintiffs: that plaintiffs were not bona fide citizens of the State of Missouri; that plaintiffs moved from the State of Illinois to the State of Missouri merely to confer jurisdiction upon the District Court for the purpose of committing a fraud upon the law.

We are asked by plaintiffs to set aside these critical findings of fact. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., provides, in part, that: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Where, as here, the findings of the trial court are dependent upon oral testimony and the candor and credibility of the witnesses, we may disturb such findings only in the most unusual circumstances. We have examined the record, which discloses no such circumstances, and find that it contains substantial evidence to sustain the findings of the District Court. This is not a case where, although there is evidence to support the findings, we are left with the definite and firm conviction on the entire evidence that a mistake has

been committed. Cf. Paudler v. Paudler, 5 Cir., 185 F.2d 901, certiorari denied 341 U.S. 920, 71 S.Ct. 742, 95 L. Ed. 1354.

Shortly after oral argument in this cause the plaintiffs filed a motion to dismiss this appeal on the ground that the issue presented had become moot. Defendants filed objections to the motion to dismiss, asserting that the question of the jurisdiction of the District Court is not a moot question. It appears from plaintiffs' verified motion that while this appeal was pending one of the defendants herein, Nannie H. Hildebrand, filed a suit for forcible entry and detainer and for a money judgment against the plaintiffs in the City Court of Alton, Illinois; that upon the application of plaintiffs, who are defendants in this second suit, the cause was removed to the same District Court from which the present appeal was taken; that subsequently Nannie H. Hildebrand withdrew her motion to remand the forcible entry case to the City Court of Alton; that plaintiffs filed a counterclaim for an injunction, to which an answer was filed; that the same judge who dismissed plaintiffs' amended complaint proceeded to hear evidence on the question of diversity of citizenship and found, contrary to his finding in this case, that plaintiffs were bona fide citizens of the State of Missouri.

These events that have allegedly occurred during the pendency of this appeal have not made a decision herein unnecessary nor have they placed matters in such shape that no relief can be afforded. In other words, the second suit and such action as has been taken therein have not resolved the controversy presented by this appeal. Accordingly, the motion to dismiss is denied.

The judgment of dismissal is affirmed.

FINNEGAN, Circuit Judge (dissenting).

The practical question here, technicalities aside, is whether the trial judge ruled correctly the first or second time. When and if his second ruling, finding diversity, is brought here for review I suppose we can reverse our current position on the identical issue by adding some judicial gloss about additional evidence then being before us. I dissent and would act on the motion to dismiss this appeal taken by the same parties who would now withdraw cause No. 11870 from our review because they received a favorable ruling on the second try.