Herman F. WRIGHT, Plaintiff,

v.

GOVERNOR HOTEL OPERATING CO., a Corporation, and Governor Hotel Bldg. Co., a Corporation, Defendants.

Civ. A. No. 4521.

United States District Court
E. D. Illinois.

June 10, 1960.

Harold N. Lingle, Anna, Ill., for plaintiff.

Oehmke, Dunham & Boman, East St. Louis, Ill., for defendants.

JUERGENS, District Judge.

Jurisdiction is based on diversity of citizenship. It is alleged that the plaintiff is a citizen and resident of the State of Illinois and that the defendant corporations are citizens of the State of Delaware. The amount in controversy exceeds, exclusive of interest and costs, the sum of $10,000.

 The defendants have filed their motion to dismiss, alleging that the complaint fails to show jurisdiction under diversity of citizenship. They have not filed with their motion a brief in support thereof as required by rule 5(a) of the Rules of the District Court for the Eastern District of Illinois, and ordinarily this Court would strike the motion for failure to file a memorandum in support of their motion. In this instance, however, it does not appear in the complaint that jurisdiction is properly shown to exist, and for that reason the Court will consider the motion in order that the question of jurisdiction may be resolved prior to trial.

Jurisdiction of district courts in diversity cases is founded on Section 1332, Title 28 U.S.C.A., which provides in pertinent parts as follows:

"§ 1332. Diversity of citizenship; amount in controversy; costs.

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

"(1) citizens of different States;
\* \* \* \* \* \*

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

Here the plaintiff has alleged that the defendants are citizens of the State of Delaware; however, under the provisions of Section 1332, a corporation may be a citizen of two states for diversity purposes. If in fact the defendants have their principal place of business in the State of Illinois, then jurisdiction does not exist in this Court.

Inasmuch as the plaintiff has failed to show jurisdiction in this Court, the complaint will be dismissed.