**PARAMOUNT PACKAGING CORPORATION**

v.

**H. B. FULLER COMPANY OF NEW JERSEY.**

Civ. A. No. 27236.

United States District Court
E. D. Pennsylvania.

Dec. 20, 1960.

Milford J. Meyer, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Sidney L. Wickenhaver, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendant.

EGAN, District Judge.

Plaintiff, a Delaware corporation, which has its principal place of business in Philadelphia, filed suit on November 4, 1959, against the defendant, a New Jersey corporation. On January 11, 1960, service of process was made on a telephone switchboard operator at room 1123 Western Saving Fund Building, Philadelphia, the office of the Graham System, a telephone answering service used on a fee basis by the defendant. No answer or motion being served by the defendant, default was entered against the defendant on February 24, 1960. On July 14, 1960, the defendant moved to set aside the entry of default and to quash the service on the following grounds:

1. The purported service of process was invalid.

2. The entry of default occurred by reason of mistake, inadvertence, or excusable neglect.

On September 2, 1960, the defendant amended its motion to add the following ground:

3. The entry of default is void because the complaint fails to contain a statement of the grounds upon which the Court's jurisdiction depends.

*I. Failure To Allege Jurisdictional Facts*

■■ We will dispose of this third contention first. The complaint alleges that the plaintiff is a Delaware corporation doing business within this district and that the defendant is a New Jersey corporation doing business within this district. Since no recital is made of the states in which the parties have their principal places of business, diversity of citizenship—upon which the Court's jurisdiction depends—has not been adequately set forth in the complaint. 28 U.S.C. § 1332(c), as amended, 72 Stat. 415 (1958). Counsel concede that the plaintiff's principal place of business is in Philadelphia, and that the defendant's principal place of business is in New Jersey. Since the necessary diversity exists, we will permit amendment of the complaint to allege it properly.[1] 28 U.S.C. § 1653; Zellem v. Herring, D.C.W.D. Pa.1951, 97 F.Supp. 103.

*II. Validity of Service of Process*

Service of the complaint and summons was made (as permitted by Federal Rule of Civil Procedure 4(d) (7), 28 U.S.C.) in accordance with Pennsylvania Rule of Civil Procedure 2180(a) (2), 12 P.S. Appendix, which provides for service on a corporation by handing the process "to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation * * *." This means that the service in this case was valid provided (1) the office of the Graham System at 1123 Western Saving Fund Building was the office or usual place of business of the defendant, and (2) the switchboard operator at the Graham System was an agent or a person in charge.

Affidavits submitted by both parties indicate the following facts:

For a fee of $15 per month, the defendant subscribes to the Graham System, a telephone answering service located at 1123 Western Saving Fund Building, Philadelphia. The defendant is listed in the Philadelphia telephone directories with its address as "Western Saving Fund Building." The building directory in the lobby of the Western Saving Fund Building shows the defendant company to be located in room

---

1. We do not feel that the defendant's position is sustained by *Wright v. Governor Hotel Operating Co.*, D.C.E.D.Ill. 1960, 184 F.Supp. 156, and *Brandt v. Bay City Super Market*, D.C.N.D.Cal. 1960, 182 F.Supp. 937, in each of which the complaint was dismissed for failure to recite the states in which the parties' principal places of business were located, since neither opinion indicates whether the plaintiff offered to amend the complaint to recite the necessary facts or whether in fact the required diversity did exist.

1130.[2] Mail addressed to the defendant at the Western Saving Fund Building is delivered to the Graham System office in room 1123. Calls to the defendant's listed telephone number are received at room 1123 by employees of the Graham System, who simply note the messages and relay them, from time to time, to Mr. Edward Altman, a resident of Bucks County, Pennsylvania, who is employed by the defendant as a salesman for eastern Pennsylvania and southern New Jersey. Although not specified in the affidavits, it was conceded at the argument that Mr. Altman sometimes telephones the Graham System to get the telephone messages and sometimes goes to the Graham System office in person to pick up the telephone messages and mail. The Graham System renders similar services to over 100 other subscribers.

According to the plaintiff's counter-affidavit, from 1955 to 1959 Mr. Altman solicited business from the plaintiff at its Philadelphia office and informed the plaintiff that the defendant[3] had a Philadelphia office at 1123 Western Saving Fund Building, to which all communications and orders should be directed, whether by mail or by telephone. The affidavit states that the plaintiff habitually mailed orders and other correspondence to the defendant at 1123 Western Saving Fund Building and contacted Mr. Altman by calling the defendant's telephone number at the Western Saving Fund Building (although it is not clear whether Mr. Altman was usually there to receive the calls or that he returned the calls later). It is further alleged that the person who answered the phone always answered "H. B. Fuller Company."

Are these facts sufficient to constitute 1123 Western Saving Fund Building the defendant's office or usual place of business? The defendant represented itself to have an office there, both by listing in the telephone directories and on the building directory and by personally informing the plaintiff of the existence of such office; and the defendant did in fact receive orders and correspondence at that address both by mail and by telephone. On the other hand, the office itself is not occupied by the defendant, but by the telephone answering service, whose services are shared by more than 100 subscribers; the persons working in the office are employees of the Graham System and not of the defendant, and, more importantly, they have no authority to act or transact business for the defendant except to receive and note telephone messages and to receive mail.

■■ The cases cited by counsel for both parties do not shed much light on the problem because of the unusual relationship between a telephone answering service and its subscriber. In any event, because the defendant was only one of many subscribers served by the Graham System at 1123 Western Saving Fund Building, and in spite of the use of the building and the room as its address, we cannot see how room 1123 of the Western Saving Fund Building can be considered an office of the defendant. Furthermore, we do not think it can be considered a usual place of business[4] of the defendant, in view of the fact that the authority of the Graham System was limited to the receipt of telephone mes-

2. According to affidavits filed by the plaintiff, in November 1959 the directory showed room 1123 for the defendant, and in January and July 1960 it indicated room 1130. These two rooms are across a hallway from one another and, as of July 21, 1960, no name was shown on the door of either room.

3. From 1955 to 1957, it was the defendant's parent corporation.

4. We feel that the statement that "a corporation, which is 'doing business' must, of necessity, * * * have a 'usual place of business' within the county * * *," 3 Goodrich-Amram, Standard Pennsylvania Practice § 2180(a)–9, is no longer applicable, in view of the modern trend toward expansion of the concept of "doing business." See, e. g., Pa.Bus.Corp.Law § 1011C, 15 P.S. § 2852–1011, subd. C; Florio v. Powder Power Tool Corp., 3 Cir., 1957, 248 F. 2d 367, 371–373.

sages and the receipt of mail.[5] Accordingly we hold that the service of process was invalid.

### III. Relief for Mistake, Inadvertence, or Excusable Neglect

The defendant also asks relief under Federal Rule of Civil Procedure 55(c), which provides that the Court may set aside an entry of default for "good cause." Affidavits filed with the defendant's motion of July 14, 1960, indicate that, upon learning that the Deputy United States Marshal had attempted service by leaving a complaint and summons at the office of the Graham System, the secretary-treasurer and the vice-president-general manager of the defendant corporation conferred and determined that, since the office of the Graham System was not the defendant's office and valid service could not be made there, the best course of action was to ignore the purported service. Neither of these officers is a lawyer and it was only after default was entered that counsel was engaged.

Conceding that the action of the defendant's officers in ignoring process may have been poor judgment, defendant's counsel argues that such action constituted at most excusable neglect, for which relief should be granted. We disagree. 'We feel the case before us differs from the cases cited by the defendant, in that here the defendant, acting through its officers, deliberately chose a course of action which it felt was tactically advantageous in the resistance of plaintiff's claim. There are no circumstances here that would justify granting the relief given in the cases cited by the

defendant.[6] To permit a defendant to ignore service of the Court's process in a belief that the process is invalid and then ask relief when that belief turns out to be mistaken would be intolerable. A defendant who chooses to ignore a purported service of process does so at his own risk.

Counsel will submit an appropriate order.

---

5. And if the Graham System office were considered the defendant's usual place of business, we would feel, on the evidence before us, that the telephone switchboard operator did not have a sufficient relationship to the defendant corporation to consider her the "person for the time being in charge" contemplated by the rule. See 3 Goodrich-Amram, Standard Pennsylvania Practice § 2180(a)–7.

6. E. g., in Rooks v. American Brass Co., 6 Cir., 1959, 263 F.2d 166, because the

defendant was seriously ill, his wife, on whom service was made, did not inform the defendant and instead gave the summons and complaint to another person to handle; in Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F.2d 242, the defaulted defendant had no actual notice of the suit; in Standard Grate Bar Co. v. Defense Plant Corp., D.C.M.D.Pa. 1944, 3 F.R.D. 371, the defaulted defendant mistakenly thought that another defendant had arranged for the former's representation by counsel.