HOUSTON, Justice.
This present action was commenced in the Circuit Court of Jefferson County, Alabama, by Imperial Crown Marketing Corporation to domesticate a judgment that it had recovered against Rusty Wright, on October 19, 1985, in the Nineteenth Judicial Circuit of Illinois (that earlier proceeding will be referred to as the “Illinois action”).[1] Wright’s answer in this action included the affirmative defenses of collateral estoppel and res judicata predicated upon a subsequent judgment, specifically one dated January 20, 1987, in Wright’s favor against Imperial Crown in a proceeding in the United States District Court for the Northern District of Alabama, Southern Division (referred to herein as the “federal action”).[2]
In the case now before this Court, both parties filed motions for summary judgment and each opposed the other party’s motion for summary judgment. A certified copy of the judgment in the Illinois action was attached to Imperial Crown’s motion for summary judgment. In opposition to Imperial Crown’s motion, and in support of *1026 his own motion, Wright attached a properly authenticated copy of pertinent portions of the record in the federal action. Imperial Crown filed an affidavit of its attorney in opposition to Wright’s motion. The trial court denied Imperial Crown’s motion for summary judgment and granted Wright’s motion for summary judgment. Imperial Crown appeals. We affirm.
The excerpts from the federal action show that in that action Imperial Crown asserted that Wright’s complaint constituted a compulsory counterclaim that should have been asserted in the Illinois action; that Imperial Crown filed a counterclaim in the federal action, alleging that “[t]he subject matter of the judgment [in the Illinois action] involved the identical contractual relationship between [Imperial Crown and Wright] that is at issue [in the federal action]; and, that should “the Illinois judgment not be asserted [in the federal action], it may later be argued that res judicata bars [Imperial Crown’s] domesticating the judgment and collecting on it.” On the day before trial, Imperial Crown withdrew its counterclaim, wherein it had attempted to affirmatively recover on the judgment in the Illinois action. However, there is nothing showing that Imperial Crown withdrew its answer asserting that this action was a compulsory counterclaim that had to be filed in the Illinois action. The jury returned a verdict for Wright in the federal action. For all that appears in the record before us, Imperial Crown did not file a motion for a judgment notwithstanding the verdict or for a new trial in the federal action, and did not appeal from the judgment entered in the federal action, but filed the present case.
In opposition to Wright’s motion for summary judgment in this case, Imperial Crown filed an affidavit in which its attorney gave its reasons for not asserting the judgment in the Illinois suit as a counterclaim in the federal action. In pertinent part, it reads:
“First, I was not and am not aware that by filing an action against a judgment creditor wherever and whenever he chooses, a judgment debtor (Wright here) can, in effect, require his creditor to domesticate its foreign judgment in the forum of the debtor’s choosing, and at the time of his choice.
“Second, reflection convinced me that no amount of charging on the part of Judge Guin in the federal court would suffice to get it through the jury’s heads that in asking (by way of counterclaim) that Crown’s judgment be domesticated in Alabama, Crown was asking for anything other than a second judgment in the same amount as the first. Crown already has its judgment, the jury would reason. The result would be denial of the counterclaim and, with it, possible loss of the Illinois judgment for purposes of collection in Alabama.”
In Ultracashmere House, Ltd. v. Meyer, 664 F.2d 1176 (11th Cir.1981), the following appears:
“The full faith and credit clause of the Federal Constitution, U.S. Const, art. 4, § 1, is binding only on state courts. In 1790, however, Congress enacted the predecessor to Title 28 U.S.C. § 1738, which imposes on federal courts as well as state courts the duty to give full faith and credit to judgments rendered by state tribunals. Mills v. Duryee, 11 U.S. (7 Cranch) 481, 485, 3 L.Ed. 411 (1813). Section 1738 provides that state court proceedings shall be given ‘the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such state ... from which they are taken.’ Thus, where the parties and the cause of action litigated are the same, a judgment rendered by a state court if it would by operation of res judicata preclude a subsequent suit in state court must similarly be treated as conclusive by federal courts, and parties may not relitigate such a claim even where a federal question is comprised within the dispute. Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Under Alabama law, res judicata precludes relit-igation of an action where four ‘essential elements’ are satisfied: (1) a prior judgment has been rendered by a court of competent jurisdiction; (2) there is sub *1027 stantial identity of the parties in the two suits; (3) there is identity of issues in the two suits; and (4) the prior judgment was rendered on the merits. Ozley v. Guthrie, 372 So.2d 860, 861 (Ala.1979) (citing Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala.1978)). ‘Where these elements are present ... the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action.’ Ozley, supra, at 861 (citing McGruder v. B & L Construction Co., 331 So.2d 257 (Ala.1976)).”
664 F.2d at 1183-84. The judgment in the Illinois action could have been enforced in the federal action.
Res judicata is an affirmative defense and if it is not raised in the trial court, it is deemed to have been waived. Hendricks v. Blake, 291 Ala. 575, 285 So.2d 82 (1973). As a trial strategy, Imperial Crown decided not to pursue its counterclaim to domesticate its Illinois judgment in the federal action, which it could have done. The record does not reflect whether Imperial Crown pursued this defense during the trial of the federal action; however, even if it did, it did not seek a JNOY after the verdict was rendered for Wright, nor did it seek a new trial, and Imperial Crown did not appeal from the judgment entered in the federal action. Therefore, since Imperial Crown’s right under the judgment in the Illinois action could have been litigated in the federal action, Ultracashmere, supra, it is deemed to have been waived. The mere fact that Imperial Crown decided in the federal action not to pursue its prior adjudication of the issues does not in the present case prohibit or estop Wright from raising res judicata and collateral estoppel arising from the judgment in the federal action. Wright did so by answer and motion for summary judgment. We are persuaded that Wright produced substantial evidence of every element of the res judicata defense and that, thereafter, Imperial Crown failed to produce evidence that made a fact question for resolution by the trier of fact regarding any element of that affirmative defense. The trial court did not err in granting Wright’s motion for summary judgment.
AFFIRMED.
HORNSBY, C. J., and JONES,
SHORES and KENNEDY, JJ., concur.

. The Uniform Enforcement of Foreign Judgments Act, Ala.Code 1975, §§ 6-9-230 to 6-9-238, provides a means of enforcing a foreign judgment that is entitled to full faith and credit in this State. The judgment creditor can bring an action to enforce his judgment instead of proceeding under the Uniform Enforcement of Foreign Judgments Act, Ala.Code 1975, § 6-9-236; this is what Imperial Crown did when it filed the present action.

. The parties in the federal action were designated as Rusty Wright, dA>/a Sandy’s Designs Unlimited v. Royalty Products, Inc., a subsidiary of Imperial Crown Marketing Corporation. All parties to this appeal admit that this was a proceeding by Wright against Imperial Crown that arose out of the same transaction that was involved in the Illinois action.