823 So.2d 655 (2001)
IMAGE AUTO, INC.
v.
MIKE KELLEY ENTERPRISES, INC.
1000156.
Supreme Court of Alabama.
December 21, 2001.
*656 Richard Crum and Brian Mosholder of Cobb, Shealy & Crum, P.A., Dothan, for appellant.
Tracy T. Sproule and Rhonda Pitts Chambers of Taylor & Taylor, Birmingham, for appellee.
SEE, Justice.[1]
Richard Bray, an Alabama resident, bought a 1992 Lexus automobile from Image Auto, Inc., a Florida company. Image Auto had advertised the automobile in an automobile sales magazine circulated in Alabama, and after Bray saw the automobile in the magazine Bray traveled to Florida to purchase it. The odometer on the automobile had been tampered with before Bray purchased it, and Bray signed an affidavit prepared by Image Auto stating that he had been informed that the odometer was not correct. However, the title document Image Auto provided Bray indicated that the odometer reading was correct. After the automobile had been involved in an accident, Bray sold it to Mike Kelley Enterprises, Inc.; in that sales transaction Bray represented that the odometer reading was correct. Kelley Enterprises sold the automobile to another party, and that person discovered that the odometer had been tampered with. Kelley Enterprises bought the automobile back from its customer at a higher price than the customer had paid for it. On March 23, 1999, Kelley Enterprises sued Image Auto and Bray in the Circuit Court of Coffee County, Alabama, charging fraud, intentional misconduct, and oppression, and seeking compensatory and punitive damages.
Kelley Enterprises contacted the Secretary of State of the State of Florida, seeking the proper address at which to serve Image Auto. Diane Deloach, the paralegal who contacted the Florida Secretary of State on Kelley Enterprises' behalf, stated in a sworn affidavit filed with the circuit court that the address of the agent for service of process provided in the documents on file with the Secretary of State was 2213 East Atlantic Boulevard, Pompano Beach, Florida 33062. In her affidavit, Deloach also stated that she telephoned Image Auto and that she spoke to David Lanzi, the president of Image Auto, who told her that Image Auto's principal place of business was 2213 East Atlantic Boulevard, Pompano Beach, Florida, 33062.
The Atlantic Boulevard address had been Image Auto's address for service of process for several years, but Image Auto asserts that it officially changed that address with the Secretary of State's office on January 11, 1999. Image Auto's former accountant had at one time done business at that address, and it was the original address for service of process for Image Auto, as filed with the Secretary of State in January 1997. Image Auto changed accountants in April 1997, and at that time, ceased doing any business with the accountant at 2213 East Atlantic Boulevard, but *657 Image Auto did not file a change of address for service of process with the Secretary of State until January 1999.
The evidence indicates that the accountant who had done business with Image Auto for a short time and whose business was located at the Atlantic Boulevard address had retired and had sold his business and the building at that address to another accountant in June 1998. Image Auto never did business with the accountant who had purchased the building. Service by certified return-receipt mail was effected at that address on March 25, 1999, and the receipt was returned to Kelley Enterprises' attorney. The accountant who does business at that address stated in an affidavit that he does not recognize the signature on the return receipt, although he states in the affidavit that "the individual who signed for this delivery was probably a temporary staff member during the very busy `tax season.'" That accountant also stated in his affidavit that when he gets mail addressed to persons who are not clients of his, he immediately throws that mail in the trash.
Image Auto did not respond to the service sent by certified mail. Kelley Enterprises sought a default judgment against Image Auto on October 19, 1999. The default judgment was entered on December 14, 1999. The court held a hearing on January 7, 2000, to determine damages, and on February 3, 2000, it awarded Kelley Enterprises $50,000 in compensatory damages and $300,000 in punitive damages. On September 22, 2000, Image Auto moved to set aside the judgment, arguing that the default judgment was void under Rule 60(b)(4), Ala. R. Civ. P. The circuit court denied that motion, and Image Auto appeals the denial of its motion to set aside the default judgment.
"The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989)."
Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991).
Rule 60(b), Ala. R. Civ. P., permits a court to "relieve a party ... from a final judgment, order, or proceeding [when] ... the judgment is void." The only argument Image Auto presented in its motion to set aside the default judgment was that the judgment was void under Rule 60 because, it argued, Image Auto had not been properly served with notice of the suit under Rule 4.2(b)(1), Ala. R. Civ. P., and that, therefore, the trial court lacked personal jurisdiction over Image Auto, a Florida corporation. It is settled law that failure to effect proper service under Rule 4, Ala. R. Civ. P., deprives the court of jurisdiction and renders a default judgment void. Richardson v. Arrington, 431 So.2d 1301 (Ala.Civ.App.1983); see also Whitfield v. Sanders, 366 So.2d 258 (Ala.1978).
The Rule 60(b) standard requires Image Auto to present clear and convincing evidence that it did not receive service of process. Raine v. First Western Bank, 362 So.2d 846, 848 (Ala.1978). A signed return certificate filed in the clerk's office provides a rebuttable presumption that the party to whom the service was sent has been properly served. Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 *658 So.2d 209, 213 (Ala.1991). It is uncontested that Kelley Enterprises received a signed return certificate and that it properly filed that certificate in the clerk's office. Kelley Enterprises, therefore, established a rebuttable presumption that Image Auto was properly served.
Image Auto cannot rebut the presumption of correctness merely by denying that it was properly served.
"[A] properly executed return will not be invalidated upon the uncorroborated statements of the parties in which they deny service upon themselves. Raine, supra. Corroboration does not necessarily mean that there must be additional, supporting testimony from another person; however, a mere denial by the party challenging the return is insufficient. Raine, supra. There must be additional evidence, such as statements of fact, tending to support the denial of service of process. See, e.g., Nolan v. Nolan, 429 So.2d 596 (Ala.Civ.App.1982), where the only evidence presented was the testimony of the party successfully challenging the return, but that party was able to provide additional facts in her testimony which tended to support her denial of service of process."
Powell v. Central Bank of the South, 510 So.2d 171, 172 (Ala.1987).
Image Auto offers the affidavit of its president as evidence that it was not properly served. That affidavit states that Image Auto did not receive service of the complaint and explains that Image Auto had properly changed with the Secretary of State its address for service of process two months before Kelley Enterprises' representative telephoned the Secretary of State seeking the proper address and was inexplicably given the old address. Image Auto provides corroboration for its statements through the affidavit of the accountant who, from the time Image Auto's former accountant left that address, has had his office at the address that was formerly Image Auto's address for service of process. This corroboration fulfills the requirements of Rule 60(b)(4) for setting aside a default judgment entered on a party's denial of service, as set forth in Raine, supra, and Nolan v. Nolan, 429 So.2d 596 (Ala.Civ.App.1982).
The affidavit of the paralegal who determined the address for service of process also states that Image Auto's president confirmed by telephone that the address given her by the Florida Secretary of State was Image Auto's principal place of business. While David Lanzi's statement may have been misleading, it does not rise to the level necessary for a defendant corporation to be estopped from asserting that it was not served at its principal place of business. Northbrook Indem. Co. v. Westgate, Ltd., 769 So.2d 890, 893-94, (Ala. 2000). In Northbrook Indemnity, this Court cited Paramount Packaging Corp. v. H.B. Fuller Co., 190 F.Supp. 178 (E.D.Pa.1960), for the proposition that the office of a corporation's telephone-answering service was not the corporation's usual place of business, even though the corporation had represented that it had an office at that address and it received mail at that address. See 190 F.Supp. at 180-81.
This Court discussed this issue further, distinguishing the circumstances in Northbrook Indemnity from cases in other jurisdictions where courts found that a corporation's representing an address as its principal place of business prevented the defendant corporation from later claiming improper service at that address. Image Auto's circumstances are similarly distinguishable.
In LSJ Investment Co. v. O.L.D., Inc., 167 F.3d 320 (6th Cir.1999), the corporate defendant had intentionally evaded service, *659 had actual knowledge of the lawsuit, and had not moved from the address where service was attempted. In contrast, Kelley Enterprises presented no evidence that Image Auto had intentionally evaded service or that it was aware of the lawsuit, and Image Auto submitted uncontroverted evidence that it did not conduct business at 2213 East Atlantic Boulevard and that, two months before Kelley Enterprises filed suit, Image Auto had filed a change of address with the Secretary of State of the State of Florida, indicating its new address for service of process.
In Blackhawk Heating & Plumbing Co. v. Turner, 50 F.R.D. 144 (D.Ariz.1970), the court held that the judgment was not void for improper service even though the plaintiff had attempted service by leaving process documents at an apartment the defendant claimed to have left and to which he claimed he never intended to return. The court found, in fact, that the defendant's belongings and furniture were still in the apartment, that he continued to pay rent on the apartment, and that he had not notified the apartment manager that he intended to leave. Id. at 147. The defendant in Blackhawk Heating had knowledge of the lawsuit and had purposefully evaded service. Id. at 145. Image Auto has presented clear evidence indicating that it had no current business at the address to which Kelley Enterprises had mailed service of process, and it has averred that it had no knowledge of the lawsuit until Kelley Enterprises attempted to execute the judgment.
Because we hold that the default judgment in favor of Kelley Enterprises is void, we hold that it was error for the trial court to deny the Rule 60(b)(4) motion seeking to set aside the default judgment. We therefore reverse the denial of Image Auto's Rule 60(b)(4) motion to set aside the default judgment, and we remand the case to the trial court for further proceedings.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs in the rationale in part and concurs in the result.
JOHNSTONE, Justice (concurring in the rationale in part and concurring in the result).
But for one exception I concur. The exception is the reason stated in the main opinion for rejecting an estoppel. If the evidence proved that the president of Image Auto did, in fact, confirm the correctness of the address where service was directed after Image Auto had moved to a different address, Image Auto would be estopped to deny that it was properly served. The plaintiff's paralegal's affidavit, however, is insufficient to establish such a misrepresentation in that it states no date for the telephone conversation between the paralegal and the president of Image Auto. For aught that appears in the affidavit, the conversation occurred before Image Auto moved, when the address verified by president would have been the correct address for service of process.
NOTES
[1] This case was originally assigned to another Justice. It was reassigned to Justice See on September 3, 2001.