THOMPSON, Presiding Judge.
Paul Lowe appeals from the order of the Jefferson Circuit Court, Bessemer Division, finding that its judgment of February 2, 2009, was void and granting the motion of Robert Rogers to set aside that judgment.
The record indicates the following relevant facts. On August 6, 2007, Lowe, acting pro se, filed a complaint against Rogers in the Bessemer Division of the Jefferson District Court (“the district court”) alleging that Rogers, doing business as Custom Hardwood Flooring, had *1235 improperly installed hardwood flooring in Lowe’s house and had improperly placed a lien on that house. Lowe wrote his complaint on the preprinted form provided by the district court.
Rogers failed to answer the complaint, and on September 28, 2007, the district court entered a default judgment in favor of Lowe. On November 25, 2007, Rogers filed a motion to set aside the default judgment pursuant to Rule 60, Ala. R. Civ. P. In the motion, Rogers stated, among other things, that Lowe had filed an action on a “false lean,” which he had taken to mean a “false lien.” Rogers asserted that an action on a false lien would sound in equity, meaning the district court would not have jurisdiction to hear the claim. Lowe, still appearing pro se, responded to Rogers’s Rule 60 motion, stating that the cause of action he asserted in his complaint was not an action on a false lien but an action alleging breach of contract. The district court set aside the default judgment and held a trial on the matter. A transcript of the trial in the district court is not included in the record on appeal. On February 1, 2008, the district court entered a judgment in favor of Lowe and awarded damages to him in the amount of $2,500. The judgment advised the parties that they had 14 days to appeal the judgment to the circuit court for a trial de novo. Neither party appealed from the district court’s judgment.
On February 20, 2008, less than three weeks after the district court had entered its judgment, Lowe, again appearing pro se, filed a complaint titled “Slander” against Rogers in the Bessemer Division of the Jefferson Circuit Court (“the circuit court”). In that action, Lowe asserted that, before Rogers had completed the work he was hired to do on Lowe’s house, Rogers had improperly filed a lien on Lowe’s property. Lowe also contended that, even though Rogers had attempted to file a release of the lien, the release had been done incorrectly “according to the court,” and, therefore, Lowe said, he had been unable to close on the sale of his house. He stated that, because of the lien, he had been unable to close on the sale of his house for more than one year, causing him to pay during that time more than $20,000 in interest on the mortgage on the house. Lowe claimed a total of $24,000 in damages for “slander and financial injury.”
Once again, Rogers did not answer the complaint. A trial was held on February 2, 2009, but Rogers did not appear; he also was not represented by counsel at the trial. The same day, the circuit court entered a judgment in favor of Lowe (“the 2009 judgment”) and ordered Rogers to pay Lowe $24,000. In the 2009 judgment, the circuit court specifically found that Rogers had been served with process in the circuit court action on May 13, 2008.
On July 15, 2010, more than one year and five months after the judgment had been entered in the circuit court action, Rogers filed a motion to set aside the 2009 judgment pursuant to Rule 60(b)(1), (3), (4), and (5), Ala. R. Civ. P. As grounds for his motion, Rogers asserted that he had not, in fact, received service, and he claimed that the case-action summary did not indicate that he had been served. He also stated that the doctrine of res judicata applied to bar the circuit court action. Rogers argued that, applying the doctrine of res judicata, the circuit court’s judgment was void and, he asserted, whether a judgment is void is an issue that can be raised at any time.
The circuit court held a hearing on Rogers’s Rule 60(b) motion. After the hearing, the circuit court entered an order on August 25, 2010, granting Rogers the relief requested. In its order, the circuit court noted that Lowe had not appealed the *1236 district court’s judgment of February 1, 2008, but that he had “simply filed a successive lawsuit.” The circuit court then stated:
“It is also clear to the Court that the subject matter of this action is the same as that of the District Court action, i.e., [Lowe] seeks damages for [Rogers’s] poor workmanship in installing the hardwood floors in his residence and for placing a lien on his property.
“It is impermissible for [Lowe] to have two bites of the same apples as he attempted to here. That is, all causes of action and claim[s] for damages must be brought together in one action, as could have occurred herein.
“More specifically, [Lowe] had before him, on or prior to the January 16, 2008, trial and entry of the February 1, 2008, [judgment] in [the district court action] complete information to have made one presentation to a court of law to resolve all pending issues between himself and [Rogers]. For all that is known, [Lowe] may have actually presented all such evidence to the District Court but if he didn’t he should have.
“Thus, if [Lowe] was not satisfied with the $2,500 district court judgment his option was to have appealed for a trial de novo. Furthermore, if the district court were to make a determination that the relief sought by [Lowe] was outside its jurisdiction, those proceedings could have been stayed and a transfer to this court could have been effectuated.”
The circuit court concluded that Rogers had demonstrated that all of the elements of res judicata existed in the circuit court action and that, as a result, the judgment in the district court action barred the relief Lowe sought in the circuit court action. Accordingly, the circuit court found that the 2009 judgment was void and, therefore, vacated that judgment. Lowe appealed from the August 25, 2010, order.
Generally, an appeal cannot be taken from an order setting aside a judgment or order pursuant to Rule 60(b), Ala. R. Civ. P., because further proceedings are contemplated by the trial court, and, therefore, the judgment or order is considered interlocutory. See Tuscaloosa Chevrolet, Inc. v. Guyton, 41 So.Bd 95, 99 (Ala.Civ.App.2009). However, in this case, the August 25, 2010, order granting Rogers’s motion for relief from the judgment not only relieved him from the 2009 judgment, but it terminated the circuit court litigation. Thus, that order is a final, appealable order. Id.; see also Wal-Mart Stores, Inc. v. Pitts, 900 So.2d 1240, 1244 (Ala.Civ.App.2004) (“[T]he rule barring appellate review of an order granting Rule 60(b) relief is not absolute; where such an order bears sufficient indicia of finality to warrant a conclusion that it constitutes a ‘final judgment,’ pursuant to § 12-22-2, Ala.Code 1975, it is appealable.”).
As mentioned, in his Rule 60(b) motion, Rogers asserted that the 2009 judgment was due to be set aside pursuant to Rule 60(b)(1), (3), (4), and (5), which provide relief from a judgment for the following reasons:
“(1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the. judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.... ”
Rule 60(b) further provides that a motion made pursuant to the rule “shall be made within a reasonable time, and for reasons *1237 (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.” Rogers filed his Rule 60(b) motion on July 15, 2010, more than 17 months after entry of the judgment he sought to have set aside. Therefore, any contention that the judgment should be set aside pursuant to Rule 60(b)(1) and (3) cannot be grounds for setting aside the 2009 judgment. Further, in his Rule 60(b) motion, Rogers did not assert that the 2009 judgment “ha[d] been satisfied, released, or discharged, or [that] a prior judgment upon which it [was] based ha[d] been reversed or otherwise vacated, or [that] it [was] no longer equitable that the judgment should have [had] prospective application,” the grounds provided in Rule 60(b)(5). Accordingly, the circuit court could have properly set aside the 2009 judgment based only upon Rule 60(b)(4), which provides that a void judgment is to be set aside. Indeed, the circuit court determined that the 2009 judgment was void because, it found, the circuit court action resulting in that judgment was barred under the doctrine of res judi-cata.
“ ‘ “The standard of review on appeal from the denial [or granting] of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.” ’ ”
Bank of America Corp. v. Edwards, 881 So.2d 403, 405 (Ala.2003) (quoting Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655, 657 (Ala.2001), quoting in turn Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991)) (emphasis added); see also Ex parte N.B., 66 So.3d 249 (Ala.2010).
In this case, there is no question that the circuit court had subject-matter jurisdiction over Lowe’s slander-of-title claim against Rogers. Furthermore, although in his motion for Rule 60(b) relief Rogers asserted that he had not been served with the complaint in the circuit court action, in entering its August 25, 2010, order setting aside the 2009 judgment, the circuit court made no findings regarding that issue. However, in the 2009 judgment, the circuit court specifically found that Rogers had been served on May 13, 2008. We note that the record supports the circuit court’s finding in the 2009 judgment that Rogers was served in this case. Contrary to Rogers’s assertion, the case-action summary reflects that the sheriff executed service of the summons and complaint on May 13, 2008.
Based upon the record before us, it appears that Rogers was served with the complaint filed in the circuit court but that he failed to respond to the complaint. “Res judicata is an affirmative defense and if it is not raised in the trial court, it is deemed to have been waived.” Imperial Crown Marketing Corp. v. Wright, 560 So.2d 1025, 1027 (Ala.1989); see also Rule 8(c), Ala. R. Civ. P. Rogers failed to respond to the complaint or otherwise appear in the circuit court action; thus, he waived application of the doctrine of res judicata as an affirmative defense. Rogers cannot prevail on his argument that an affirmative defense that he failed to assert in the circuit court action renders the judgment in that action void so as to warrant relief pursuant to Rule 60(b)(4).
Rogers failed to demonstrate that the circuit court did not have subject-matter jurisdiction over the action or that it did *1238 not have jurisdiction over the parties to the action. Furthermore, he failed to demonstrate that the circuit court acted in a manner inconsistent with due process in entering the 2009 judgment. Accordingly, the circuit court erred in finding that the 2009 judgment was void.
For the reasons set forth above, the August 25, 2010, order of the circuit court setting aside the 2009 judgment is reversed, and this cause is remanded to the circuit court for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.