MURDOCK, Justice
(concurring specially).
We are not presented in this matter with the question whether, under the “law of the case” doctrine, the interlocutory judgment of the trial court on the breach-of-contract claim asserted by Diamond Concrete & Slabs, LLC, bound the trial court with respect to its adjudication of the other claim pending before it, the prompt-pay-act claim. See Rule 54(b), Ala. R. Civ. P. (stating that a judgment “which adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims or parties ..., and the order ... is subject to revision at any time before the entry of judgment adjudicating all the claims”); Imperial Crown Marketing Corp. v. Wright, 560 So.2d 1025, 1028 (Ala. 1989) (“Once a court renders a final judgment ... that judgment becomes the conclusive law of the case, subject only to appeal.” (Johnstone, J., dissenting) (emphasis added)); Estate of Pruyn v. Axmen Propane, Inc., 354 Mont. 208, 216, 223 P.3d 845, 852 (2009) (“Because [the prior] Opinion and Order did not adjudicate all of the claims, rights and liabilities of all of the parties, there was no final disposition of the case ... [and] we hold that [party’s] law-of-the-case argument is misplaced.”); Langevine v. District of Columbia, 106 F.3d 1018, 1023 (D.C.Cir.1997) (“Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment.”). If the central premise of the opinion of the Court of Civil Appeals as to the “law of the case” remains intact, then so must the Court of Civil Appeals’ conclusion based on that premise, namely that Diamond had already established that it had a subcontract with the Andalusia-Opp Airport Authority. See Diamond Concrete & Slabs, LLC v. Andalusia-Opp Airport Auth., 103 So.3d 73 (Ala.Civ.App.2011).
Nor do we have before us the question whether the Airport Authority adequately objected to the instruction of the trial court that “lumped together” the Airport Authority and Southern Structures Corporation for purposes of obtaining a determination by the jury as to whether a contract existed between the Airport Authority and Diamond.