RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from the trial court’s denial of a Rule 60(b), AR.Civ.P., motion.
At the outset, we note that the issue on appeal from the denial of a Rule 60(b) motion is not the correctness of the underlying judgment, but whether the denial of the motion was an abuse of discretion on the part of the trial court. Ex parte Morton, 403 So.2d 235 (Ala.1981); Marsh v. Marsh, 338 So.2d 422 (Ala.Civ.App.1976).
*212 Our review of the record reveals the following: Jo Frances Woodward (aunt), who resides in the state of Ohio, is the maternal aunt of Jennifer Lynn Chandler (child). Stanley Woodward (uncle) is the maternal uncle of the child and has custody of the child. Gladys Chandler (grandmother), who died in 1988, was the aunt and uncle’s mother and the child’s grandmother. The grandmother left a will, which established a trust for the benefit of the child. The aunt was named as the trastee.
In January 1993 the State of Alabama (State), on behalf of the uncle, filed a contempt petition for non-payment of support. The petition alleged that, by an order dated October 5, 1990, the aunt had been ordered to pay $200 per month as child support for the child. The petition further alleged that the aunt was in arrears in payment of the child support. The petition requested that the trial court set a hearing date and that the aunt be required to appear at the hearing to show cause why she should not be held in contempt of court.
A summons and the contempt petition were served on the aunt in Ohio by certified mail, return receipt requested, on January 27, 1993. On March 1, 1993, the trial court scheduled the matter for a hearing, to be held on March 29, 1993. The notice of hearing was sent to the aunt by certified mail, return receipt requested, but was returned, marked “refused.” The notice was sent by regular mail on or about March 19, 1993.
A hearing was held on the contempt petition on March 29, 1993. However, no transcript of this hearing is contained in the record. After the hearing the trial court issued an order, dated April 27, 1993, wherein it noted that the aunt failed to appear at the hearing. In the order the aunt was found to be “in contempt of court for failure to pay child support as previously ordered by [the] court.” Further, the aunt was “ordered incarcerated in the Franklin County Jail for a period of thirty days or until she purges herself of contempt.” A writ of arrest was issued, as ordered by the court.
In its order the trial court found that the arrearage owed by the aunt was $1,200 for ADC benefits and $3,907 for non-ADC bene-
fits. The aunt was ordered to pay $50 per month, in addition to the regular support payments, to be applied to the arrearage.
On August 23, 1993, the aunt filed a “motion to set aside order on basis of lack of jurisdiction and notice of withdrawal as trustee,” with a copy of the grandmother’s will and a complete listing of all monies disbursed by the aunt, as trustee, attached to the motion. This motion stated that the only property transferred into the trust was $7,500, which was the proceeds from the sale of the grandmother’s mobile home, and that there was presently $426 remaining in the trust. The motion also provided in pertinent part:
“12. The Circuit Court of Franklin County, Alabama, in case number CV 90-186, ordered [the aunt], individually, to pay child support for the minor child in the sum of $200.00 per month.
“13. The order of the court is invalid in that this honorable court did not have jurisdiction of the [aunt] and is further invalid in that [the aunt] has no legal obligation to support said child in that the child is not the child of [the aunt] and she is not the legal custodian of the child.
“14. This honorable court has also entered an order of contempt concerning the [aunt] and this order is likewise invalid for the reasons stated in paragraph 13 above.
[[Image here]]
“WHEREFORE, [the aunt] requests that the previous orders entered in this case concerning the payment of child support be set aside and declared null and void.”
The aunt also filed an affidavit. In this affidavit she stated that she was presently a resident of the state of Ohio and that she had been a resident of that state since before the grandmother’s death in 1988. The aunt further states that she is not the parent or legal guardian of the child and that she has no duty to support the child. She further indicates that she has reviewed the motion filed on August 23, 1993, and that the allegations and statements in the motion are true and correct. We would note that there were no attachments to her affidavit.
*213 The record reveals that the trial court set this motion for a hearing to be held on September 24,1993. The record also reveals that on October 18, 1993, the trial court overruled the aunt’s motion. We would note that there is no transcript of the hearing contained in the record.
The aunt appeals. The aunt argues on appeal that the trial court erred in ordering her, as the aunt of a minor child, to pay child support for the minor child. The aunt also argues that she is not even a resident of the state of Alabama and that her contacts with the state are not sufficient to give jurisdiction to the Alabama courts.
However, as previously noted, the issue on appeal from the denial of a Rule 60(b) motion is not the correctness of the underlying judgment, but whether the denial of the motion was an abuse of discretion on the part of the trial court. Morton, 403 So.2d 235; Marsh, 338 So.2d 422. When seeking to determine whether the trial court abused its discretion when it denied the motion, this court should look to the grounds presented in the motion, as well as the matters presented to the court in support of the motion. Boles v. Hooper & McDonald, Inc., 424 So.2d 634 (Ala.Civ.App.1982).
In the present case it appears that, as indicated above, the grounds cited in paragraph 13 of the motion were that the trial court lacked jurisdiction over the aunt and that she has no legal obligation to support the child.
However, we would note that the aunt failed to present any documentation to support these claims. The order of October 5, 1990, which required the aunt to pay child support for the child is not in the record before this court. Consequently, this court cannot discern from the record on appeal whether the October 5, 1990, order was directed to the aunt in her individual capacity or in her capacity as the trustee of the trust established for the benefit of the child. Further, we would note that there is nothing in the record before this court (i.e., pleadings or a transcript of the trial) regarding the prior proceeding, which resulted in the October 5, 1990, order. Therefore, this court does not know if the aunt was present at the prior proceeding or if she was even aware of the prior proceeding.
While there is nothing in the record to show if the aunt was aware of the October 5, 1990, order prior to the January 1993 contempt petition, there is also nothing in the record to show that she was not aware of the proceedings that resulted in the October 5, 1990, order. This court cannot tell from the record if the aunt was ever served in the prior proceeding, or if she was properly served in the prior proceeding, or if she consented to the jurisdiction of the court.
Under Rule 60(b)(4), a judgment is rendered void if the trial court lacked jurisdiction over the person. See Denton v. Edmiston, 475 So.2d 877 (Ala.Civ.App.1985). However, if this was the basis for the aunt’s attack upon the trial court’s orders, then she failed to provide documentation to the trial court (and failed to include documentation in the record on appeal) to demonstrate a lack of jurisdiction on the part of the trial court.
In addition, this court cannot tell from the record if the aunt consented to provide support for the child. If the aunt did, in fact, consent to provide support for the child and later regretted her decision, she cannot find relief under Rule 60(b). The purpose of this rule is not to relieve a party from free, calculated, and deliberate choices. Smith v. Clark, 468 So.2d 138 (Ala.1985). Our review of the record does reveal that the complete listing of monies paid out of the trust established by the grandmother, which was attached to the aunt’s motion, indicates that from March 1990 through March 1992, the aunt wrote monthly checks in the amount of $150 to the uncle. The notation indicated that these cheeks for $150 were for “support.”
While the aunt argues in her motion before the trial court and in her appeal before this court that she has no legal obligation to support the child, there is nothing in the record to indicate that the aunt appealed the October 5,1990, order, which required her to pay $200 per month as child support for the child. If the aunt is attacking the trial court’s orders on the basis of Rule 60(b)(6) *214 and is using her argument that she has no legal obligation to support the child as a “reason justifying relief from the operation of the judgment,” then this court must question why no appeal was taken from the October 5, 1990, order. It is well settled that a Rule 60(b) motion cannot be used as a substitute for an appeal. Pitts v. Henley, 384 So.2d 1105 (Ala.Civ.App.1980).
In light of the above, this court cannot find that the trial court abused its discretion or committed reversible error when it denied the aunt’s motion.
In her reply brief, the aunt states the following: “If the order entered by the trial court in this case is allowed to stand on the basis put forth by the State of Alabama, then Mr. Bumble, a character from the Charles Dickens’ classic, Oliver Twist, was right when he stated ‘The law is an ass—an idiot.’ ”
It may appear to some, uninformed or otherwise, that the law is an “ass.” However, it is not asinine to require an appellant to be responsible for providing this court with a record that, if appropriate, error can be predicated upon. Holsonback v. Holsonback, 518 So.2d 146 (Ala.Civ.App.1987). In this instance, it is clear that, in light of the above, the aunt has failed to provide this court with such a record.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J., dissents.