Pursuant to Rule 5, Ala.R.App.P., we granted the defendants, Lorillard Tobacco Company, Inc. ("Lorillard"), and R.J. Reynolds Tobacco Company ("Reynolds"), permission to appeal the trial court's interlocutory order granting a Rule 60, Ala.R.Civ.P., motion to set aside a summary judgment that it had entered against the plaintiff, Mikki Cantley, in her capacity as administratrix of the estate of her father, Harlon Godfrey. We reverse and remand.
This is the second time these parties have been before this Court. See Cantley v. Lorillard Tobacco Co., 681 So.2d 1057
(Ala. 1996), for a full explanation of the background of this litigation. For the purposes of this appeal, the following facts are pertinent: The *Page 752 
plaintiff filed a wrongful death action against Lorillard and Reynolds on April 2, 1993, alleging that they had caused Godfrey's death; Godfrey had been a smoker. The plaintiff originally pleaded three causes of action — fraudulent suppression; liability under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") for failure to warn of an unreasonable hazard; and liability under the AEMLD for design defect. Lorillard and Reynolds filed separate summary judgment motions on May 30, 1995, and July 7, 1995, respectively. Those motions were based on federal preemption grounds, relying on 15 U.S.C. § 1334(b) and Cipollone v.Liggett Group, Inc., 505 U.S. 504, 112 S.Ct. 2608,120 L.Ed.2d 407 (1992). Essentially, those summary judgment motions were based on the argument that all of the plaintiff's claims that were based on alleged tortious conduct committed on or after July 1, 1969, were preempted by the Public Health Cigarette Smoking Act of 1969 ("the Labeling Act of 1969"), which amended the Federal Cigarette Labeling and Advertising Act of 1965. The effective date of the Labeling Act of 1969 was July 1, 1969.
On July 17, 1995, before the trial court had ruled on the two pending summary judgment motions, Reynolds filed another motion for a summary judgment with respect to the plaintiff's claims that were based on alleged tortious conduct committed before July 1, 1969. Godfrey did not begin smoking Lorillard's brand of cigarettes until after July 1, 1969; therefore, Lorillard did not join in this motion. In support of the July 17 motion, Reynolds argued that, as a matter of law, cigarettes were not "defective" within the meaning of that term as it is used in the AEMLD. Following a hearing, the trial court, on November 21, 1995, granted Lorillard's May 30 summary judgment motion as to the plaintiff's fraudulent suppression and design defect claims. The trial court also granted Reynolds's July 7 summary judgment motion as to those two claims, to the extent that the plaintiff sought redress for alleged tortious conduct occurring on or after July 1, 1969. The plaintiff voluntarily dismissed her failure-to-warn claims, conceding that those claims were preempted under Cipollone. The claims alleging tortious conduct against Reynolds committed before July 1, 1969, remained pending. The trial court certified the November 21 summary judgment as final, pursuant to Rule 54(b), Ala.R.Civ.P.; the plaintiff appealed that judgment on January 3, 1996.
On March 4, 1996, the attorney for Lorillard and Reynolds wrote the following letter to the trial court, requesting that a hearing be set on Reynolds's July 17 summary judgment motion:
 "Recently, I spoke with [the plaintiff's attorney[1]] concerning an issue in the above-styled action, and he and I agreed that I would write to bring this matter to your attention.
 "As you may recall, this case is in a holding posture, pending the appeal which plaintiff has taken from the summary judgment granted in favor of Lorillard and R.J. Reynolds on the preemption issue. As the order dated November 21, 1995, reflects, the only remaining claims still before the court relate to acts which occurred prior to July 1, 1969.
 "At the time the court heard and decided the preemption issue, we had already filed on behalf of R.J. Reynolds an additional motion for judgment on the pleadings, or in the alternative, summary judgment, and had submitted a memorandum of law in support thereof. Copies of both the motion and memorandum of law are included with this letter, for convenience of the court. In essence, this motion raises a narrow issue, one not controlled by any genuine factual issues, which would dispose of the remaining claims in the case. The sole issue raised by this motion is that cigarettes are not defective or unreasonably dangerous as a matter of law within the meaning of the Alabama Extended Manufacturer's Liability Doctrine.
 "Our request and suggestion is that the court set this motion for hearing as soon as possible. If the court either grants or denies the motion, then an appeal could be *Page 753 
immediately pursued and that appeal consolidated with the one presently before the Supreme Court. It makes sense to try and have all of these issues before the Supreme Court at one time, rather than on a piecemeal basis. This seems particularly true here where no additional discovery is required in order to bring this pending motion to a head.
 "I do not believe that [the plaintiff's attorney] disagrees with this suggestion, and we are hopeful that the court will accommodate this request. Thank you very much for your cooperation and assistance."
(Emphasis in original.)
On March 29, 1996, the trial court granted Reynolds's July 17 summary judgment motion; however, the order it entered was based on preemption grounds — the same grounds on which Lorillard and Reynolds had based their May 30, 1995, and July 7, 1995, summary judgment motions. On April 23, 1996, the attorney for Lorillard and Reynolds wrote a letter to the plaintiff's attorney explaining that he thought the trial court's order had been mistakenly based on the wrong grounds:
 "Following up on our telephone conversation last week, we need to get the most recent order granting summary judgment as to the remaining claims against R.J. Reynolds straightened out right away in order to make sure that the time to appeal, should plaintiff decide to do so, is stayed. I felt the safest way was to file a motion to alter and amend the order under Rule 59(e). Accordingly, enclosed is the motion which I propose to file, along with the proposed revised order.
 "I am sending these to you in advance, as a matter of courtesy, in hopes that you can alert me if there is any kind of problem. Please call me to sign off on this at your earliest convenience. If you do not get back to me before Friday, I will assume that everything is okay and will get the motion filed."
In addition to that letter, the attorney for Lorillard and Reynolds also sent to the plaintiff's attorneys a proposed motion to alter or amend the March 29 judgment and a proposed revised order entering a summary judgment based on what Reynolds's attorney understood to be the proper grounds. On April 26, 1996, Reynolds filed the following motion to alter or amend the March 29 judgment:
 "Defendant, R.J. Reynolds Tobacco Company ('RJR'), pursuant to Rule 59(e), moves the Court to alter and amend the order granting summary judgment heretofore entered on March 29, 1996, upon the following grounds, separately and severally assigned:
 "1. On March 29, 1996, the Court entered an order granting summary judgment in favor of RJR, which disposed of all claims not previously adjudicated in this action.
 "2. While RJR agrees that summary judgment was due to be entered, the grounds upon which the Court relied are not clear, but rather appear to be confused with previous issues decided by summary judgment in this case. In particular, the Court previously granted summary judgment in favor of RJR and the defendant, Lorillard Tobacco Company, on preemption grounds for all conduct occurring on or after July 1, 1969. The order which granted summary judgment on preemption grounds was entered on November [21], 1995, and is currently on appeal to the Alabama Supreme Court.
 "3. RJR's motion for judgment on the pleadings, or in the alternative, summary judgment, filed on July 17, 1995, addresses the remaining claims against RJR in this case predicated upon acts which occurred prior to July 1, 1969.
 "4. RJR has attached hereto a revised order granting summary judgment which properly reflects the grounds upon which said motion is due to be granted.
 "WHEREFORE, premises considered, RJR requests this Court to grant this motion and enter the revised order attached hereto."
After the plaintiff's attorneys had had a chance to review the proposed revised summary judgment and the respective attorneys for Reynolds and the plaintiff had agreed on *Page 754 
the wording of the proposed judgment, the plaintiff's attorney personally presented the proposed judgment to the trial court on April 29, 1996. That proposed judgment, which the trial court signed that same day, read as follows:
 "The order granting summary judgment, heretofore filed on March 29, 1996, is hereby vacated, and pursuant to the motion of R.J. Reynolds Tobacco Company, a corporation ('RJR') under Rule 59(e), the Court hereby enters this revised order.
 "This action was submitted in brief to the Court on March 22, 1996, upon the motion for judgment on the pleadings, or in the alternative, summary judgment filed by RJR on July 17, 1995, with respect to the claims asserted against it in this case, including those claims predicated upon acts which occurred prior to July 1, 1969. Previously, by order entered November [21], 1995, this Court granted summary judgment in favor of RJR with respect to claims for all conduct occurring on or after July 1, 1969, finding that the Federal Cigarette Labeling Act (15 U.S.C. § 1331 et seq.), as interpreted, preempted the claims asserted by the plaintiff as set forth in her complaint.
 "The motion for judgment on the pleadings, or in the alternative, summary judgment filed by RJR, insofar as it bears upon acts which occurred prior to July 1, 1969, is based upon the ground that cigarettes are not defective as a matter of law.
The Court finds that there is no genuine dispute of material fact and that RJR is entitled to judgment in its favor as a matter of law.
 "It is therefore ORDERED, ADJUDGED, and DECREED, that the motion by RJR for judgment on the pleadings, or in the alternative, summary judgment be and [it] hereby is granted with respect to all claims for conduct occurring prior to July 1, 1969. It is expressly declared that this order is the final order disposing of all remaining claims against all defendants in the case, and the date upon which it is entered is the date for calculation of any appeal time, should plaintiff choose to appeal this ruling. Costs of court are taxed to the plaintiff."
(Emphasis added.)
On June 7, 1996, this Court ruled on the appeal of the November 21, 1995, summary judgment, holding that the fraudulent suppression claims were preempted by federal law, but that the design defect claims brought under the AEMLD were not. See Cantley v. Lorillard Tobacco Co., Inc., supra. Four days later, on June 11, 1996, the plaintiff filed a notice of appeal of the April 29 revised summary judgment. Reynolds filed a motion on June 21, 1996, to dismiss the appeal on the ground that it was untimely filed; the plaintiff voluntarily dismissed her appeal on July 17, 1996, stating in a letter to the clerk of this Court: "Please be advised that the plaintiff wishes to withdraw the appeal dated June 11, 1996, in light of the Supreme Court decision dated June 7, 1996."
On December 20, 1996, Lorillard and Reynolds moved for a summary judgment on the only claims remaining in the case — the design defect claims under the AEMLD that were based on conduct committed on or after July 1, 1969. Lorillard and Reynolds argued that the April 29 summary judgment, which had not been appealed, had held that cigarettes were not a defective product within the meaning of the AEMLD, as a matter of law. That holding, Lorillard and Reynolds argued, constituted the law of the case and made a summary judgment proper as to the remaining post-June 30, 1969, design defect claims. On February 28, 1997, approximately 10 months after the April 29 summary judgment had been entered, the plaintiff filed a motion under Rule 60(a) to vacate the April 29 summary judgment, arguing that she had never intended to stipulate, before that judgment, that cigarettes were not "defective" under the AEMLD. She took the position that she did not intend to dispose of her pre-July 1, 1969, claims; she argued, instead, that she had intended only to dispose of her post-June 30, 1969, claims on preemption grounds. Reynolds responded to the Rule 60(a) motion, arguing that the April 29 summary judgment stated exactly what the parties had agreed to. Reynolds pointed out that the April 29 summary judgment was *Page 755 
clear on its face; that the wording in that judgment had been agreed to by the plaintiff's attorneys; that theplaintiff's attorney had personally taken the proposed judgment to the trial court for entry; and that all of this had happened after the trial court had already disposed of the post-June 30, 1969, claims on preemption grounds in the November 21, 1995, summary judgment, which the plaintiff had appealed to this Court.
The court held a hearing on the Rule 60(a) motion on March 6, 1997. At that hearing the plaintiff's attorney suggested that Rule 60(b)(6) could also provide a basis upon which to set aside the April 29 judgment. The plaintiff's attorney took the position again that the plaintiff had not intended to have a summary judgment entered on the pre-July 1, 1969, claims on the ground that cigarettes were not defective under the AEMLD, even though the April 29 summary judgment clearly stated otherwise. The attorney for Lorillard and Reynolds retraced for the trial court the events leading up to the entry of the April 29 judgment, pointing out that the plaintiff's attorneys had negotiated for and agreed to the wording in the April 29 summary judgment. For edification purposes, we quote a portion of the transcript of that hearing:
 "[Defendants' attorney]: The next thing that happened is that I wrote the Court a letter dated March 4, 1996, and copied to all counsel, and I'll hand you a copy of that, Defendants' Exhibit 2. And in this letter to Your Honor on March 4, 1996, I told the Court that I had spoken with [the plaintiff's attorney] about a matter that we wanted to bring to your attention and pointed out that, as the order of November 21, 1995, reflected, the only remaining claims still before the Court related to acts which occurred prior to July 1, 1969. And basically I pointed out that the — we had our other pending motion for summary judgment, the one that had been filed on July 17, 1995, and that the sole issue raised by that motion was that cigarettes are not defective or unreasonably dangerous as a matter of law within the meaning of the Alabama Extended Manufacturer's Liability Doctrine.
 "And then after I talked with [the plaintiff's attorney] and what I was reporting to the Court was that if you could set that motion for hearing, then if you either granted it or denied it, we could go ahead and take that issue on up to the [Supreme] Court at the same time the other part of the case was up there, all right.
 "In response to that — and the plaintiff had never filed any opposition papers. [She] never filed anything in opposition to our motion, which I'm calling the 'defect motion' rather than the 'preemption motion.'
 "The Court: The defect motion being the pre-1969 —
 "[Defendants' attorney]: Correct, correct. And [one of the plaintiff's attorneys], and I can't remember which one, but one of the two of them advised me after I had written this letter to you on March 4 that the plaintiff was, in essence, going to consent to the motion being taken under submission by the Court and that no further opposition would be offered to it and that from their standpoint, if the Court granted the motion, then it could be taken up at the same time. And you thereafter issued what I called the first defect order on March 29, 1996, and I've got a copy of that which I would like to hand to the Court as Defendants' Exhibit 3 to this transcript. And the Court, I think, must have prepared this order. I know it was not prepared by the parties in agreement.
"The Court: The order you just handed me, 3?
 "[Defendants' attorney]: Defendants' Exhibit 3, right. Well, it was then —
 "The Court: I don't know who or where it came off of, but this is not ours.
 "[Defendants' attorney]: Okay. Well, I think it must have been then prepared in plaintiff's counsel's office because I know we didn't prepare it, but it inadvertently talks about preemption which is not the issue that was at all raised by the July 17, 1995, motion for summary judgment. And it also — well, it really just goes off on preemption, whereas that was not the issue even raised by our motion. *Page 756 
 "So when I saw the Court's order, I realized that, you know, that we have a problem, that the order didn't really match with what was raised by the motion, so I then wrote [the plaintiff's attorney] —
 "The Court: Well, this Defendants' Exhibit 3, the order of March 29, was presented to me as an agreed order.
"[Defendants' attorney]: Right. I —
"The Court: And that's where it came from.
 "[Defendants' attorney]: That's right. I had been advised by [one of the plaintiff's attorneys], and I don't remember which one, but, you know, that they were going to allow the Court to go ahead and grant the motion for summary judgment, there would be no opposition offered to it, but I didn't prepare the order, but I had no problem with them preparing whatever order they wanted to.
". . . .
 "[Defendants' attorney]: So, it came down, but it . . . talked about preemption rather than the issue of design defect.
 "So, I then wrote to [the plaintiff's attorney] [in] a letter dated April 23, 1996, which I'll hand to the Court as Defendants' Exhibit 4, and pointed out that we needed to get the order corrected and straightened out right away in order to make sure that the time [for] appeal, should plaintiff decide to do so, is stayed.
 "And so what we did was we filed within 30 days a Rule 59(e) motion to get this matter straightened out, and I sent to [the plaintiff's attorney] a copy of the motion to alter and amend the judgment, and I sent to her a proposed revised order granting summary judgment. And if you'll bear with me, Judge, I'm just going to turn it over for a minute here because I've got the significant page of the revised order.
 "This is the revised — this is page 2 of the revised order that I sent with my letter of April 23. And the paragraph that I would like for you to focus on, Judge, if you would, is this paragraph here at the top where we make it clear, number one, that this motion is based upon acts which occurred prior to July 1, 1969. Again to the extent that the motion, the 60 — Rule 60(a) motion that we're talking about right now says that your order was supposed to deal only with post-1969 matters, clearly the revised order and draft that I sent to [the plaintiff's attorney] referred to acts which occurred prior to July 1, 1969. And the way I drafted it was a little bit more elaborate. I referred to the fact that there was widespread awareness of risk of smoking. I had a conclusion in there for the Court to consider and cited a case, Roysdon v. R.J. Reynolds Tobacco Company, and that's the order I then sent to [the plaintiff's attorney] on April 23, 1996.
 "[The plaintiff's attorneys] talked about it. They didn't like some of the language that I had put in the revised order. They asked that it be changed, and they sent back to me the order —
 "[Another of the defendants' attorneys]: It was actually done on our system. We talked and changed it on our system.
"The Court: Okay.
 "[Defendants' attorney]: They actually approved a form of order [and] I then filed a motion to alter and amend the judgment, and I'll hand the Court a copy of Exhibit 4-A.
 "And Exhibit 4-A is the motion to alter or amend. It was filed on April 26, 1996, and it had attached to it a proposed revised order. And if you look at the last page of Exhibit 4-A that I just handed you, . . . you'll see that the order that we submitted to you with the motion to alter or amend is the one that you actually did enter, and I've got a copy of that, it is Defendants' Exhibit 5.
 "And Defendants' Exhibit 5 is the order that you did actually enter on April 29, 1996. And again, it clearly said that the motion pertaining to acts which occurred prior to July 1, 1969, there's not any reference at all to preemption, but rather to the fact that the Court finds there's no genuine dispute of material fact [and] that RJR is entitled to judgment in its favor as a matter of law.
 "Now, you know, at that point what had happened is that the parties by agreement had worked on an order, had worked on a *Page 757 
resolution of the claims that [were] then pending. The plaintiff had — for whatever strategy reason and I never knew quite what their strategy was but for whatever reason, they had agreed that the Court could enter this order and we would then go on and take it all up on appeal, and that's the reason that in your April 29, 1996, order there is clear language about it being a final judgment, and we specifically wanted to make clear that the appeal time would run from this revised order rather than the one that had been erroneously made in reference to preemption.
 "So, at that point in time, admittedly, you had not plowed through the merits of our motion, but it had been pending, it had been briefed, the plaintiff had offered nothing and the plaintiff had agreed that this order could be entered.
 "Now, just limiting my comments right now to the Rule 60(a) motion that's been filed, there's two big problems with the Rule 60(a) motion.
 "First is to the extent that it says that there was an error in that this order should have dealt only with post-1969 conduct and that this order should have dealt only with preemption and it was somehow needed to get the appeal to the Alabama Supreme Court, then the Rule 60(a) motion is just really not factually correct as to what happened.
 "The second problem with it being a Rule 60(a) motion, Judge, is that that motion — that rule is only for the correction of clerical or technical type errors that might be made in an order of judgment. In our response we cited to you the cases that say you cannot come in under Rule 60(a) and try to change the substance of an order by claiming . . . some clerical or ministerial type mistake.
 "Clearly there was no mistake made by the Court at all. I mean the court simply entered the order that the parties had talked about, had exchanged copies of, and for whatever strategic or practical reason, both parties had agreed that that was the order that was going to be entered and that it would be put in a final appealable form so that it could be taken up right at that time by the [Supreme] Court. And there is just no basis under Rule 60(a) for the Court to now come in and alter or change or in any way [affect] the April 29, 1996, order."
The trial court granted the plaintiff's motion to set aside the April 29 judgment, without specifying which subsection or clause of Rule 60 it had found to be applicable, stating only that the judgment did not reflect what the court had intended to do. The trial court did not rule on Lorillard and Reynolds's December 20, 1996, motion for a summary judgment.
Lorillard and Reynolds contend that the trial court had no legal basis upon which to set aside its April 29 summary judgment. Specifically, they argue that the April 29 summary judgment clearly reflected what the parties had agreed to. According to Lorillard and Reynolds, there is no logical explanation in the record as to how the plaintiff's attorneys could have misunderstood the nature of the April 29 summary judgment. They maintain that if, for whatever reason, the plaintiff's attorneys had made a mistake in agreeing to the entry of the April 29 summary judgment, then relief from the judgment could have been had under Rule 60(b)(1), which authorizes a court to set aside a judgment within four months for "mistake, inadvertence, surprise, or excusable neglect." According to Lorillard and Reynolds, Rule 60(a) was not available to the trial court as a basis upon which to set aside the judgment. Furthermore, Lorillard and Reynolds argue, Rule 60(b)(6) was not available to the trial court as a basis upon which to set aside the judgment because, they say, that clause cannot operate to the exclusion of another applicable clause in subsection (b), and because neither it nor Rule 60(a) can be used as a substitute for a timely appeal.[2]
Rule 60 provides in pertinent part:
 "(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own *Page 758 
initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or thereafter, such mistakes may be so corrected by the trial court. Whenever necessary a transcript of the record as corrected may be certified to the appellate court in response to a writ of certiorari or like writ.
 "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken."
As Lorillard and Reynolds point out, the plaintiff did not seek relief under Rule 60(b)(1). It appears from the record that that clause would have been the most logical one to invoke if the plaintiff's attorneys actually had misunderstood the nature of the April 29 summary judgment. Clauses (2) through (5) of subsection (b) clearly were not applicable, and, because clause (1) was available as a possible means for relief, clause (6) was not available. See R.E. Grills, Inc. v. Davison,641 So.2d 225 (Ala. 1994) (clause (6) is reserved for extraordinary circumstances and is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5)). Because clause (6) operates exclusively of the specific grounds listed in clauses (1) through (5), this Court has held that a party may not escape the four-month limitation applicable to clauses (1) through (3) merely by characterizing the motion as one seeking relief under clause (6). R.E. Grills, Inc. v. Davison; Ex parte Hartford Ins. Co.,394 So.2d 933 (Ala. 1981).[3]
Likewise, we can find no basis upon which to conclude that the April 29 summary judgment could be set aside as constituting a mere clerical error. The 1973 Committee Comments to Rule 60(a) state:
 "This subdivision deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected by a motion under Rule 59(e) or 60(b). Thus the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced."
See Great Atlantic Pacific Tea Co. v. Sealy, 374 So.2d 877
(Ala. 1979); Cornelius v. Green, 521 So.2d 942 (Ala. 1988). If the plaintiff's attorneys stipulated to the April 29 summary judgment by mistake, as they indicated to the trial court they had done, then the error was not clerical, but substantive, going to the very heart of the judgment that was entered. On the other hand, based on the record one could conclude that the plaintiff's attorneys made a calculated decision to *Page 759 
stipulate to the entry of the April 29 summary judgment and that the trial court entered that judgment based on its understanding that it would amount to a consent judgment. The April 29 summary judgment is clear on its face. Although we could only speculate in this regard, the record suggests that the plaintiff's attorneys may have anticipated appealing the April 29 summary judgment and then petitioning this Court to consolidate that appeal with the pending appeal of the November 21, 1995, summary judgment. In any event, the plaintiff did not appeal the April 29 summary judgment. Neither Rule 60(a) nor Rule 60(b)(6) may be used as a substitute for a timely appeal.Cornelius v. Green, supra; Nowlin v. Druid City Hospital Board,475 So.2d 469 (Ala. 1985); Patterson v. Hays, 623 So.2d 1142
(Ala. 1993). This Court has also held that Rule 60(b)(6) cannot be used for the purpose of relieving a party from the free, calculated, and deliberate choice he has made. R.E. Grills,Inc. v. Davison, supra.
For the foregoing reasons, the trial court's order setting aside the April 29, 1996, summary judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX,
KENNEDY, COOK, SEE, and LYONS, JJ., concur.
[1] The record indicates that the plaintiff is represented by more than one attorney; however, for ease of reference we will refer to the "plaintiff's attorney," unless the context requires otherwise.
[2] The plaintiff has not filed a brief in this case.
[3] We are unable to conclude from the record that the kind of extraordinary circumstances exist here that were discussed inR.E. Grills, Inc. v. Davison; Ex parte Oden, 617 So.2d 1020
(Ala. 1992); Chambers County Comm'rs v. Walker, 459 So.2d 861
(Ala. 1984); Giles v. Giles, 404 So.2d 649 (Ala. 1981); andRebel Oil Co. v. Pike, 473 So.2d 529 (Ala.Civ.App. 1985). Although the grounds for relief available under Rule 60(b)(1) generally cannot be valid grounds under Rule 60(b)(6), these cases recognized an exception when, in the interest of justice, aggravating circumstances may be considered sufficient to allow the trial court to treat what would otherwise be a Rule 60(b)(1) motion as a motion coming within Rule 60(b)(6). The application of this exception has generally been limited to circumstances where the judgment was the result of mistake, inadvertence, or neglect of counsel and where, despite all diligence exercised to protect his own interests, the client was unable to reasonably protect his interests because he was misled by his attorney as to the status or conduct of his case.