[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1141 
On February 1, 1999, First Tuskegee Bank sued Barry Bryant in the Lowndes Circuit Court. In its complaint, First Tuskegee Bank alleged that Bryant owed $69,670.17 plus interest (the amount due under a promissory note Bryant executed with the bank on September 5, 1997) and an attorney fee. Bryant listed his address on the promissory note as Burkville, which is in Lowndes County. The note provided that he would notify First Tuskegee Bank of any change in his address.
On April 30, 1999, First Tuskegee Bank moved to appoint a special process server because the sheriff had been unable to properly serve Bryant. On May 5, 1999, the trial court granted the motion. On May 20, 1999, Bryant's aunt accepted service of the complaint at the address shown on the promissory note. Bryant did not file an answer. On October 20, 1999, First Tuskegee Bank moved for a default judgment, which the trial court granted that same day. On October 27, 1999, the trial court entered a certificate of judgment.
On November 22, 1999, First Tuskegee Bank mailed postjudgment interrogatories, seeking to discover what assets Bryant possessed. Bryant did not answer the interrogatories. On January 14, 2000, First Tuskegee Bank filed a "Motion for Discovery of Assets and Oral Examination," which the trial court granted. The order was sent by certified mail to Bryant's last known address; however, the order was returned as undelivered. First Tuskegee Bank learned from the United States Postal Service that Bryant had changed his address; he then was served with notice of the oral examination. On April 12, 2000, he appeared at the hearing and testified as to his assets. Subsequently, Bryant hired an attorney.
On May 1, 2000, Bryant moved to set aside the default judgment, arguing that he was never properly served with notice of the complaint. The trial court never ruled on the motion.
A writ of execution was issued from the Lowndes Circuit Court against property owned by Bryant in Montgomery County. The sheriff of Montgomery County levied against the property. The sheriff's deed reflects that notice of the sale was sent to Bryant by certified mail on September 7, 2001. Notice of the levy was posted on the bulletin board at the Montgomery County courthouse and notice of the levy and sale was published once a week for three consecutive weeks in the MontgomeryIndependent, a weekly newspaper. First Tuskegee Bank purchased the property at the sale on October 15, 2001.
On February 6, 2002, Bryant, now acting pro se, moved to vacate the October 20, 1999, default judgment, on the grounds that the Lowndes Circuit Court lacked jurisdiction over the case because venue in Lowndes County was improper, because, he says, he has lived in Montgomery County since August 1998 and because the promissory note was executed in Montgomery County. He also alleged in that motion that First Tuskegee Bank's debt-collection practices were unfair. On March 6, 2002, the trial court denied the motion. Bryant appeals, arguing that the trial court erred in failing to rule on his May 1, 2000, motion, and he argues that the trial court erred in denying his February 6, 2002, motion. This case was transferred to this court by the supreme court, pursuant to §12-2-7(6), Ala. Code 1975.
The May 1, 2000, motion to set aside the default judgment should be treated as a Rule 60(b)(4), Ala.R.Civ.P., *Page 1142 
motion for relief from judgment. On October 20, 1999, the trial court entered a default judgment against Bryant, pursuant to Rule 55, Ala.R.Civ.P. Rule 55(c) provides:
 "In its discretion, the court may set aside an entry of default at any time before judgment. The court may on its own motion set aside a judgment by default within thirty (30) days after the entry of the judgment. The court may also set aside a judgment by default on the motion of a party filed not later than thirty (30) days after entry of the judgment."
The trial court did not set aside the entry of default before issuing a certificate of judgment, nor did the court on its own motion set aside the judgment within 30 days after the judgment was final. Bryant moved to set aside the default judgment on May 1, 2000, well outside the 30-day time period prescribed by Rule 55(c) for filing a motion to set aside. Therefore, the trial court lost discretion to set aside the judgment pursuant to Rule 55(c) at the end of the 30th day after the judgment was final. However, Rule 60(b), Ala.R.Civ.P., becomes available when more than 30 days have passed since the entry of the default judgment. Exparte King, 776 So.2d 31 (Ala. 2000); Kirtland v. Fort Morgan Auth. SewerServ., Inc., 524 So.2d 600 (Ala. 1988). Therefore, we will treat the May 1, 2000, motion as a Rule 60(b) motion.
The trial court never entered an order granting or denying Bryant's May 1, 2000, motion. Because the trial court never expressly ruled on the motion, Bryant's May 1, 2000, motion for relief from judgment is still pending before the trial court. See Conway v. Housing Auth. of BirminghamDist., 676 So.2d 344 (Ala.Civ.App. 1996) (plaintiff's motion for relief from judgment based on mistake or inadvertence remained pending where motion was never expressly ruled on by the trial court), but cf. Ex parteGamble, 709 So.2d 67 (Ala.Civ.App. 1998) (employee's appeal treated as a petition for a writ of mandamus and the trial court was ordered to address the employee's Rule 60(b) motion where the record reflected that the trial court had refused to address the merits of the motion). However, the trial court did rule on Bryant's motion filed on February 6, 2002, denying the motion. The denial of a Rule 60(b) motion is reviewable on appeal. Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655
(Ala. 2001); Ex parte Keith, 771 So.2d 1018 (Ala. 1998).
Bryant's February 6, 2002, motion was essentially a Rule 60(b)(4) motion seeking relief from the judgment on the grounds of lack of jurisdiction because of allegedly improper venue and unfair debt-collection practices.[1] A Rule 60(b)(4) motion must be filed within a "reasonable time." "What constitutes a `reasonable time' depends on the facts of each case, taking into consideration the interest of finality, the reason for the delay, the practical ability to learn earlier of the grounds relied upon, and the prejudice to the other parties." Ex parte W.J., 622 So.2d 358, 361 (Ala. 1993).
In Ashley v. State ex rel. Brooks, 668 So.2d 7 (Ala.Civ.App. 1994), the defendant filed a Rule 60(b)(4) motion for relief from judgment two years after a consent judgment had been entered and the property that was the subject of the action condemned. The trial court denied the Rule *Page 1143 
60(b)(4) motion as untimely. We held that the trial court did not abuse its discretion in not giving the defendant relief from the judgment where the motion was filed two years after the judgment was entered and the record reflected that the defendant had agreed to the consent judgment.
Bryant's Rule 60(b)(4) motion filed on February 6, 2002, was untimely under the facts of this case. The default judgment was entered on October 20, 1999. Bryant did not seek relief from the judgment on the grounds of improper venue or unfair debt-collection practices until February 6, 2002. Furthermore, Rule 60(b)(4) allows relief from judgment if the judgment is void. A judgment is void under Rule 60(b)(4) only if the court that rendered the judgment lacked subject-matter jurisdiction or personal jurisdiction or if it acted in a manner inconsistent with due process of law. Osborn v. Roche, 813 So.2d 811 (Ala. 2001). It is important to note that a judgment is not void simply because it is erroneous, because Rule 60(b) is not intended as a substitute for appeal. R.J. Reynolds Tobacco Co. v. Cantley, 717 So.2d 751 (Ala. 1998). An appeal from the denial of a Rule 60(b) motion does not bring the underlying judgment up for review, but presents only the question of propriety of the judgment denying the Rule 60(b) motion. Sanders v. Blue Cross-BlueShield of Alabama, Inc., 368 So.2d 8 (Ala. 1979).
 "The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."
Insurance Mgmt. Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209,212 (Ala. 1991).
Venue, unlike jurisdiction, is a legislative determination based on the convenience of the parties, Ingram v. Omelet Shoppe, Inc., 388 So.2d 190
(Ala. 1980), and the issue whether venue is proper is deemed to be waived unless a timely objection is made, Ex parte Till, 595 So.2d 871 (Ala. 1992). Therefore, Rule 60(b)(4) relief from judgment is not available on venue grounds. Additionally, Bryant is not entitled to relief from judgment on the ground of unfair debt-collection practices, because Rule 60(b) is not a vehicle for reviewing the merits of the underlying judgment. Accordingly, the judgment of the trial court is affirmed.
Bryant seeks an award of an attorney fee on appeal "for three years of research, consultations, travels, filings, and missed work." Bryant did not seek an attorney fee at the trial court level nor would he have been entitled to one, because attorney fees are to be awarded only if they are provided for by statute, contract, or special equity, none of which are applicable in the instant case. See City of Birmingham v. Horn,810 So.2d 667 (Ala. 2001). Furthermore, Bryant was representing himself for most of the proceedings and, as a pro se litigant, he would not have been entitled to such an award. Rule 38, Ala.R.App.P., allows for "just damages and single or double costs to the appellee" if an appeal is frivolous. Here, Bryant is the appellant, and he is not entitled to an award under Rule 38.
AFFIRMED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
[1] If the portion of Bryant's Rule 60(b) motion concerning "unfair debt collection practices can be construed as a motion for relief from judgment based on fraud or some other misconduct, then it would be untimely under Rule 60(b)(3), Ala.R.Civ.P., because when a judgment is attacked by motion for fraud or misconduct, it must be filed within a reasonable time and not more than four months after the entry of judgment. *Page 1144