J.L.E., Jr. ("the father"), and T.L.S. ("the mother") were divorced on March 15, 1999, by a judgment of a superior court of the State of California. Two children were born of the parties' marriage; the mother was awarded primary physical custody of the children pursuant to the divorce judgment. After the parties divorced, the father moved to Arkansas. Shortly thereafter, the mother and the children moved to Arkansas.
On January 4, 2001, the father petitioned an Arkansas chancery court ("the Arkansas court") for a change of custody of the parties' children. The mother, acting pro se, responded to the father's petition on January 23, 2001. The mother stated in her response that the children had resided in Arkansas for the previous 11 months and that Arkansas was the home state of the parties' children.
Following a May 23, 2001, hearing, the Arkansas court entered a "temporary order" on May 31, 2001, in which it awarded temporary custody of the children to the father and awarded the mother scheduled visitation. The Arkansas court enjoined the parties from removing the children from that state and scheduled the matter for a review hearing. On July 30, 2001, following a review hearing at which the mother was represented by counsel, the Arkansas court continued custody of the children with the father; a second review hearing was set for May 2002.
At some point following the July 30, 2001, review hearing, the mother moved to Alabama with the children.[1] On November 5, 2001, the mother filed a motion for emergency temporary custody in the juvenile court of Houston County, Alabama ("the trial court"). In that emergency motion, the mother alleged that the father was subjecting the children to physical and emotional abuse. The mother also alleged that the father was neglecting to properly supervise the children, who were age six and four, respectively, at that time. At a hearing before the trial court, the mother testified that she feared the children were being abused by the father. The trial court granted the mother's motion on November 5, 2001, and awarded the mother temporary custody of the children. The trial court also appointed a guardian ad litem for the children and ordered the Department of Human Resources to complete a forensic evaluation of the children. *Page 1161 
A forensic psychologist examined the children and concluded that they had been subjected to "overzealous physical punishment to the extent that it appears to have been abusive."
On November 7, 2001, the father filed, in the Arkansas court, a motion for contempt and a motion to suspend visitation. On November 9, 2001, the mother filed, in the trial court, a motion to stay the execution of a warrant for her arrest issued in Arkansas because of her "interference of custody of the parties' minor children." The trial court granted that motion. Following a hearing before the Arkansas court on November 30, 2001, at which counsel for the mother was present, the Arkansas court found that it had continuing subject-matter jurisdiction and that it appeared that the mother's action in the trial court presented "a clear cut jurisdictional issue due to the pending case before [the Arkansas] court, and the fact that Arkansas is clearly the home state of the children."
On November 20, 2001, counsel for the father filed a notice of appearance in the trial court. On December 18, 2001, the father filed a limited response, stating that he was not submitting to the jurisdiction of the trial court; he also filed a motion to dismiss the action for lack of subject-matter jurisdiction. On May 3, 2002, the father filed a renewed motion to dismiss. The trial court set the matter for a hearing on June 5, 2002.
On June 5, 2002, the mother filed a motion requesting that the trial court render a permanent determination as to custody. Following an ore tenus hearing, the trial court entered a judgment on July 10, 2002, in which it found that it was in the children's best interests that it retain permanent jurisdiction over the children, specifically finding that
 "(A) The children have one parent who resides in this state.
 "(B) The children have resided in this state for the past eight months and have attended school in this state.
 "(C) There is available in this state, substantial evidence concerning the children's present or future care, protection, training, and personal relationships.
 "(D) The children were examined by a clinical forensic psychologist in this state and he issued a report to this court. In this report, the allegations of abuse against the father were founded. . . ."
On July 23, 2002, the father made an oral motion for a new trial. The trial court granted the father 14 days to submit written grounds in support of his motion. The father submitted written grounds on August 1, 2002. On August 8, 2002, the trial court denied the father's motion for a new trial. The father filed an untimely appeal to this court that was subsequently dismissed on motion of the mother. The father then filed a petition for the writ of certiorari with the Alabama Supreme Court on October 29, 2002; that court subsequently denied the writ without an opinion on January 24, 2003. Ex parte J.L.E.,Jr., (No. 1020249) 881 So.2d 551 (Ala. 2003) (table). This court issued a certificate of judgment on January 27, 2003.
On March 28, 2003, the father filed a motion to set aside the trial court's July 10, 2002, order pursuant to Rule 60(b), Ala. R. Civ. P., alleging that the judgment of the trial court was void for lack of subject-matter and personal jurisdiction.[2] The trial *Page 1162 
court denied the father's Rule 60(b) motion, noting on the case action summary sheet that it "lacked jurisdiction" to consider the Rule 60(b) motion. The father timely appealed.
On appeal, the father argues that the trial court erred in refusing to set aside its July 10, 2002, order as void. The father sought relief from the July 10, 2002, order pursuant to Rule 60(b)(4), which provides relief from the effects of a judgment where that judgment is void.
 "The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala. 1989)."
Insurance Mgmt. Admin., Inc. v. Palomar Ins. Corp.,590 So.2d 209, 212 (Ala. 1991).
In support of his contention on appeal, the father asserts that the trial court had jurisdiction to consider the Rule 60(b)(4) motion because, he maintains, the motion was filed within a reasonable period of time. Rule 60(b), Ala. R. Civ. P., provides that a motion made pursuant to Rule 60(b)(4) "shall be made within a reasonable time." "`What constitutes a "reasonable time" depends on the facts of each case, taking into consideration the interest of finality, the reason for the delay, the practical ability to learn earlier of the grounds relied upon, and the prejudice to the other parties.'" Bryant v. First TuskegeeBank, 866 So.2d 1139, 1142 (Ala.Civ.App. 2002) (quoting Exparte W.J., 622 So.2d 358, 361 (Ala. 1993)).
The record indicates that the father filed a motion for relief from the trial court's judgment pursuant to Rule 60(b)(4) approximately eight and one-half months after the trial court entered its July 10, 2002, order, and approximately two months after the supreme court denied the father's petition for the writ of certiorari on January 24, 2003, and this court issued a certificate of judgment on January 27, 2003. Shortly after the disposition of the father's first appeal, the father filed his Rule 60(b)(4) motion. The record supports a conclusion that the father filed his Rule 60(b)(4) motion "within a reasonable time."
We further note that Rule 60(b), Ala. R. Civ. P., provides that "[l]eave to make [a Rule 60(b)] motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending before such court." This court dismissed the father's appeal in September 2002. The father filed a petition for the writ of certiorari in the supreme court that was denied in January 2003, and this court subsequently issued a certificate of judgment in January 2003. The father then filed a Rule 60(b) motion approximately two months later. The trial court might have assumed that an appellate court still had jurisdiction over the action. Because the father's first appeal had been disposed of approximately two months before he filed his Rule 60(b) motion, the father was not required to obtain leave from an appellate court in order for the trial court to have jurisdiction over his Rule 60(b) motion. *Page 1163 
The father filed his Rule 60(b) motion "within a reasonable time" and after the disposition of his first appeal. Given these facts, we conclude that the trial court had jurisdiction to consider the father's motion. Therefore, the trial court's judgment is reversed, and this case is remanded for the trial court to consider the merits of the father's Rule 60(b)(4) motion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.
[1] The parties' briefs on appeal indicate that the mother moved to Alabama in November 2001; however, there is no indication in the record of the date the mother moved to Alabama.
[2] Rule 60(b) is neither a substitute for a timely appeal nor a mechanism for obtaining a second appeal. Woodward v. State exrel. Woodward, 664 So.2d 211 (Ala.Civ.App. 1994). However, the father's Rule 60(b)(4) motion attacks the validity of the judgment; therefore, we consider this appeal.