THOMAS, Judge.
 

 D.L.L. II (“the father”) appeals from the judgment of the Baldwin Juvenile Court denying his motion for relief from judgment filed pursuant to Rule 60(b)(4), Ala. R. Civ. P. This is the second time that this case has come before this court.
 
 See D.L.L. II v. B.J.,
 
 995 So.2d 170 (Ala.Civ.App.2008)
 
 (“D.L.L. I”).
 
 In
 
 D.L.L. I,
 
 this court dismissed the father’s untimely appeal of a judgment awarding custody of his minor child to the child’s maternal grandparents.
 
 D.L.L. I,
 
 995 So.2d at 172.
 

 In
 
 D.L.L. I,
 
 this court said:
 

 “The maternal grandparents filed a ‘petition for custody’ and an ‘emergency petition for custody’ in the juvenile court. The ‘petition for custody1 alleged that the child’s mother, who had been the child’s primary caregiver, had died ... and that the father was in a drug-rehabilitation program. Further, the petition alleged that the father had a history of drug use, had never been the primary caregiver of the child, had failed to support the child, and had been violent in the home. ...
 

 “The juvenile court ultimately held a hearing on June 26, 2007, at which it heard disputed, oral testimony and admitted several exhibits. On July 25, 2007, the juvenile court entered a judgment awarding the maternal grandparents custody of the child, subject to supervised visitation by the father. On August 7, 2007, the father timely filed a postjudgment motion. That post-judgment motion was denied by operation of law on August 21, 2007. See Rule 1(B), Ala. R. Juv. P. Although the juvenile court purported to enter an order altering its previous judgment on August 24, 2007, it did not have jurisdiction to enter that order.
 
 Id.; D.V.P. v. T.W.P.,
 
 905 So.2d 853, 856 (Ala.Civ.App.2005). After the father’s postjudgment motion was denied by operation of law, the father had 14 days (until September 4, 2007) to file his notice of appeal. The father’s September 5, 2007, notice of appeal is untimely; therefore, we dismiss the appeal.
 
 Holmes v. Powell,
 
 363 So.2d 760, 762 (Ala.1978) (‘A timely filing of the notice of appeal is jurisdictional, ... the sanction to be applied for an untimely filing being dismissal’);
 
 M.M. v. L.L.,
 
 [989 So.2d 528 (Ala.Civ.App.2007)]; and
 
 F.G. v. State Dep’t of Human Res.,
 
 [988 So.2d 555 (Ala.Civ.App.2007) ].”
 

 995 So.2d at 171-72.
 

 On March 2, 2008, while the appeal in
 
 D.L.L. I
 
 was still pending, the father moved this court for leave to file a 60(b) motion in the juvenile court.
 
 [1]
 

 See
 
 Rule 60(b), Ala. R. Civ. P. This court granted the father’s motion on March 20, 2008.
 

 The father’s Rule 60(b) motion sought relief from the August 24, 2007, post-judgment order, as well as relief from the July 25, 2007, judgment. First, the father’s motion moved the juvenile court to set aside its August 24, 2007, post-judgment order and to enter a separate judgment containing specific findings of facts and conclusions of law. Second, the father’s motion moved the juvenile court to set aside its July 25, 2007, judgment for failing to include specific findings of fact and conclusions of law.
 

 
 *316
 
 On June 17, 2008, the juvenile court denied the father’s Rule 60(b) motion. The father timely appealed.
 

 This court has stated:
 

 “‘The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.
 
 Satterfield v. Winston Industries, Inc.,
 
 553 So.2d 61 (Ala.1989).’ ”
 

 J.L.E. v. T.L.S.,
 
 880 So.2d 1159, 1162 (Ala.Civ.App.2003)(quoting
 
 Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp.,
 
 590 So.2d 209, 212 (Ala.1991)).
 

 In
 
 D.L.L. I,
 
 this court held that the juvenile court did not have jurisdiction to enter the August 24, 2007, postjudgment order. 995 So.2d at 172. Thus, that judgment was void.
 

 The juvenile court erred in failing to set aside its August 24, 2007, postjudgment order.
 
 See J.L.E. v. T.L.S.,
 
 supra;
 
 Milloy v. Woods,
 
 [Ms. 2070514, Oct. 3, 2008] (Ala.Civ.App.2008).
 
 *
 
 Therefore, we reverse the juvenile court’s judgment insofar as it failed to set aside the August 24, 2007, postjudgment order, and we remand the cause with instructions that the August 24, 2007, void order be set aside.
 

 The father also argues on appeal that, for several reasons, the July 25, 2007, judgment is due to be set aside. However, the father does not argue that the July 25, 2007, judgment is void. This court has stated:
 

 “It is important to note that a judgment is not void simply because it is erroneous, because Rule 60(b) is not intended as a substitute for appeal.
 
 R.J. Reynolds Tobacco Co. v. Cantley,
 
 717 So.2d 751 (Ala.1998). An appeal from the denial of a Rule 60(b) motion does not bring the underlying judgment up for review, but presents only the question of propriety of the judgment denying the Rule 60(b) motion.
 
 Sanders v. Blue Cross-Blue Shield of Alabama, Inc.,
 
 368 So.2d 8 (Ala.1979).”
 

 Bryant v. First Tuskegee Bank,
 
 866 So.2d 1139, 1143 (Ala.Civ.App.2002), overruled on other grounds,
 
 Ex parte Full Circle Distrib., LLC,
 
 883 So.2d 638 (Ala.2003).
 

 The juvenile court did not err in denying the father’s Rule 60(b) motion with regard to the juvenile court’s July 25, 2007, judgment. Accordingly, we affirm the juvenile court’s judgment insofar as it denies the father’s Rule 60(b) motion with regard to the July 25, 2007, judgment.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . Rule 60(b), Ala. R. Civ. P., provides: "If leave of the appellate court is obtained, the motion shall be deemed to have been made in the trial court as of the date upon which leave to make the motion was sought in the appellate court."
 

 *
 

 Note from the reporter of decisions: On February 13, 2009, the Alabama Court of Civil Appeals withdrew the October 3, 2008, opinion in
 
 Milloy
 
 and substituted another one.