THOMAS, Judge,
concurring in the result.
I agree that the circuit court’s judgment dismissing the appeal of the juvenile court’s judgment terminating the parental rights of M.E.W. (“the mother”) should be affirmed. I write to clarify the basis upon which I believe the affirmance should be based.
The juvenile court’s judgment terminating the mother’s parental rights was entered on January 26, 2012. The mother filed a motion on May 15, 2012, which was entitled “Motion to Set Aside Order Terminating Parental Rights.”[1] The body of the motion mentioned both Rule 59(e), Ala. R. Civ. P., and Rule 60(b), Ala. R. Civ. P.[2] The mother’s argument was that she had not been served with the petitions to terminate her parental rights. Thus, the motion was, in substance and style, a Rule 60(b)(4) motion alleging that the January 26, 2012, juvenile-court judgment terminating her parental rights was void for lack of personal jurisdiction because the mother had not received service of process. Hooie *1174 v. Barksdale, 93 So.3d 942, 943 (Ala.Civ.App.2012) (construing a Rule 60(b)(6) motion as a Rule 60(b)(4) motion when the movant alleged that she had not been personally served and that, therefore, the trial court had lacked personal jurisdiction over her, rendering the judgment void).
The juvenile court denied the mother’s Rule 60(b)(4) motion on July 19, 2012. Instead of appealing the denial of her Rule 60(b)(4) motion within the 14 days she had to appeal, see Rule 28(C), Ala. R. Juv. P., the mother filed a motion entitled “Motion to Set Aside and Supplement Record.” That motion, in addition to requesting that the mother be permitted to “supplement the record” with certain evidence, requested that the juvenile court “set aside” its order denying her Rule 60(b)(4) motion. A party may not seek reconsideration of the denial of a Rule 60(b) motion, and a motion doing so does not toll the time for taking an appeal from the order denying the motion. See T.K.W. v. State Dep’t of Human Res. ex rel. J.B., 119 So.3d 1187, 1194 n. 3 (Ala.Civ.App.2013); R.M. v. Elmore Cnty. Dep’t of Human Res., 75 So.3d 1195, 1205 (Ala.Civ.App.2011); and Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala.1989). The mother had 14 days from July 19, 2012, to file a notice of appeal to the circuit court.[3] See Rule 28(C); T.K.W., 119 So.3d at 1194; and R.M., 75 So.3d at 1205. The mother’s notice of appeal was not filed until October 29, 2012, well after the expiration of the 14-day period to appeal the denial of her Rule 60(b) motion. Thus, the circuit court properly dismissed the mother’s appeal, and I concur in the result reached by the main opinion.

. To the extent the mother may have sought relief under Rule 59(e), her motion would have been untimely, having been filed well outside the 14-day period for the filing of a postjudgment motion in the juvenile court. See Rule 1(B), Ala. R. Juv. P.; State Dep’t of Human Res. v. I.P., 874 So.2d 1121, 1123-24 (Ala.Civ.App.2003).

. I further note that, even if the mother’s appeal had been timely, the circuit court would have been limited to considering on appeal only the propriety of the denial of her Rule 60(b) motion and not the propriety of the underlying judgment terminating her parental rights; that is, her appeal would have been an appeal from the denial of her Rule 60(b)(4) motion and not an appeal from the judgment terminating her parental rights. See D.L.L. v. B.J., 8 So.3d 314, 316 (Ala.Civ. App.2008) (quoting Bryant v. First Tuskegee Bank, 866 So.2d 1139, 1143 (Ala.Civ.App.2002), overruled on other grounds, Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638 (Ala.2003)). The mother had long since lost the right to seek review of the January 26, 2012, judgment terminating her parental rights by failing to take an appeal within 14 days of that judgment. See Rule 28(C); State Dep’t of Human Res. v. I.P., 874 So.2d 1121, 1123-24 (Ala.Civ.App.2003).